M’Girk, C. J.,
delivered the opinion of the Court.
An action of debt was brought before a Justice of the Peace for $42. The plaintiff had judgment. The defendant appealed to the Circuit Court, where the plaintiff again recovered judgment. The record shows the case to be, that on the 10th day of Sept., 1832, Blanton hired to Knox a negro woman for one year, the service to commence on the 14th of the same month, when Blanton was to deliver the slave into the possession of Knox. Knox was to clothe the negro. Blanton delivered the possession of the woman to Knox on the day specified. The services were performed.
*242 There is some evidence to, show that on the 22d of the same month,. Blanton aná Knox rehearsed the contract in the presence of each other before witnesses, when both acknowledged the-contract to be as above stated. This contract was not in writing.
On the trial the counsel for Knox prayed the Court to instruct the jury, that unless-they found this contract was in writing, they must find for the defendant; which instruction the Court refused, but instructed the jury that if they found the contract was not in writing, yet if they found, that the defendant acknowledged the contract within the year from the end of the service, then the case would not be within the-statute of frauds, though they should find the contract was not in writing. To the refusing to give the instruction asked,, and to the giving the instruction given, the defendant excepted.
The question raised in. this case is, whether the contract is within, the 1st section of the act defining the effect of contracts and promises; Rev.. Code, 214.
The words' of the act relating to this subject are, “ that no action shall be brought upon any agreement, that is not to be performed within one year from the making thereof, unless the agreement upon which the action shall be brought,, or some memorandum' or note thereof,, shall be in writing and. signed by. the parly to be charged, therewith.”
It is insisted by-Mf. Hunt for Knox, that this statute protects him from the payment of the money promised for the service, and- to prove this more fully he cites-Chitty on Contracts, 208-9, where Chitty refers to a case reported in 1 B and A, 722, where it was decided that no action lay on a contract for a year’s service made on the 27th of May, to commence on the 30th June following, unless it be in writing. Messrs, Campbell and Wells, for Blanton, cite and rely on Chitty likewise, p. 109,, whore Chitty refers to 11 E, 152, and 1 B and A, 727, where it seems to have been decided that an action may be maintained on an unwritten contract for-the sale of. goods to be delivered within a year, though the payment for the goods was to be-made 18 months after the contract was made, for this reason says Chitty, because in. such case, all that is to be performed on one side, namely the delivery of the-goods,, is to be done within the year. None of these authorities are within our reach, at this time. If Chitty?s report of these cases is correct, we are of opinion.that the last case cited by him will apply to.this case and will enable-Blanton to,recover. In that case, all that was to be done on one side was to be done-within the year,.namely the delivery of the goods; so in this case, all that was to be done by Blanton, was.to deliver the slave to Knox on the-14th of September, three days after the agreement, was-made. By the agreement, as soon as the slave was delivered, Blanton’s control andi right of control ceased to exist;, till the year expired. We view his part of the contract completed when the-delivery was made. He did not bargain, that the slave should work from,that day through the-whole year.
He had no right to, give any orders to the slave-as to that matter. The enforcement of service was the-business of 'Mr. Knox. 7% think the- case cited from B and A, by Mr. Hunt, differs fronuthis case5.in.this--: that there the work was to he performed by the person who,made the contract. Tile essence of the thing to be done was continued service- to the- endibeyond' the year. Here the- substance of the thing to be done on the part of Blanton,was,, that he would, three days after the agreement was made, deliver to Knoxihe-slave-to. be possessed, commanded and worked by him.for the space of' a,year.-. Suppose Blanton, after the possession came to Knox, *243 had taken the negro away from Knox, what would be Knox’s remedy ? Could he sue for a breach of contract, or must he bring trover or some such like action to regain possession, or damages for the wrong done ? It seems to us he must. If so, it proves that Blanton’s undertaking was executed when he delivered the slave. The Court below decided that the proof .of an acknowledgment of the contract within the year took the case out of the statute. If the proof had been so, this would not be law, and that decision was wrong. But the judgment must stand because it is for the right party, for the reasons above mentioned. The judgment is affirmed with costs.