Suggett's Adm'r v. Cason's Adm'r.

HARVARD LAW SCHOOL LIBRARY

———————

Suggett's Administrator, Defendant in Error, v. Cason's Administrator, Plaintiff in Error.

1. Where there is only an *agreement* to sell a slave and not a sale executed, an action for the possession can not be maintained; the remedy is an action for damages arising from the breach of the contract.
2. Agreements that *may* be performed within a year from the making thereof are not within the statute of frauds.
3. Where an agreement not in writing has been wholly performed on one side, the other party thereto can not interpose the defence of the statute of frauds.

15—VOL. XXVI.

| 26 | 221 |
| 36a | 313 |
| 37a | 67 |
| 26 | 221 |
| 60a | 230 |
| 26 | 221 |
| 129 | 657 |
| 26 | 221 |
| 72a | 562 |
| 26 | 221' |
| 97a | 2149 |

*Error to Callaway Circuit Court.*

This was an action for the possession of a negro slave named Jim. The plaintiff, Jno. S. Suggett, alleged in his petition that in the month of January, 1846, he made a verbal contract with Larkin Cason, defendant's intestate, of the following effect: that he, plaintiff, should repair a certain log house belonging to Cason, and make certain additions thereto; that in consideration thereof Cason agreed to give and deliver to plaintiff a certain slave named Jim; that he, plaintiff, did in pursuance of the contract execute the repairs and make the additions required; that the work was done according to contract; that " said contract was completed some time about the first day of September, 1849, and that the said Cason thereupon accepted the house and every department as completed in accordance with the contract, and took full possession of the same;" that said Cason did not deliver said slave Jim to plaintiff, &c. The plaintiff prayed for judgment for the possession of the slave and for damages for his detention.

The court, at the instance of the plaintiff, instructed the jury as follows : " If Cason agreed in his lifetime with plaintiff that he should have the slave Jim for the doing of the work as specified in the petition, and the plaintiff did the work accordingly, and after the doing of the work it was consented between the plaintiff and Cason that the slave Jim was the property of the plaintiff under the contract aforesaid, and the slave Jim, upon the death of Cason, passed into the hands of Cason's administrators, and the plaintiff afterwards demanded him of the administrators, and they refused to deliver him up, the jury ought to find a verdict for the plaintiff for the slave Jim, and allow him a reasonable compensation for his hire from the time of the demand to the present time; and it is the duty of the jury also to find the present value of the slave. 2. Writing is not necessary to pass the title to a slave but the property in a slave will pass without any bill of sale or other writing, when such is the intention of the parties and there is a valuable consideration paid."

The following instructions, among others asked by the defendant, were refused: "1. Although the jury shall find from the evidence that the said Larkin Cason agreed to let the plaintiff have the boy Jim for doing the work so mentioned in the petition, and that the plaintiff did perform the work, &c., for said Cason according to his part of the contract, yet before the jury can find that the plaintiff is the owner of the slave, it devolves upon him to prove to their satisfaction that the said Cason delivered or surrendered the possession of the slave to the plaintiff before they can find that the plaintiff is the owner of the slave as charged. 2. Even if the jury find that the plaintiff became entitled to the slave Jim for the work, &c., mentioned in the petition, still the jury can not find for the plaintiff in this action for the recovery of Jim."

The jury found for plaintiff.

*J. F. Jones,* for plaintiff in error.

I. The plaintiff could not recover the specific property sued for. The evidence shows clearly that the title to the slave had not vested in him. There was no *sale* in contemplation of law. The only remedy was by action sounding in damages. There was no delivery.

II. This was a suit for the possession of the slave. Being such, plaintiff was not entitled to recover damages; he could only recover the value of the services of the slave. (King v. Brown, 2 Hill, 485.) The court erred in refusing the instructions asked by defendant. (See Smith on Contracts, p. 67, 70; 3 Pick. 94; 3 Hill, 128; 2 Denio, 87; Story on Cont. § 787; Cunningham v. Ashbrook, 20 Mo. 556; Story on Sales, §232–9.)

*Hardin,* for defendant in error.

I. The plaintiff can in this action recover the specific property and damages for the detention. (3 Wooddeson's Lectures, 35; 3 Black. Com. 122; 1 Wheat. Selwyn, 664.) There is a sufficient delivery where it clearly appears to be the intention of the parties that the property should be deemed to be

delivered and the title to have passed, especially if the acts of the parties be inconsistent with any other view. (Story on Sales, § 298.)

II. This case is not within the statute of frauds. (26 Maine, 341, 397.) It is not a contract of sale. (21 Pick. 205 ; Long on Sales, 1.) If it be within the statute, its requirements were complied with. Labor was rendered in a reasonable time after the contract was made to bind the contract. (13 Maine, 424 ; 11 Johns. 283 ; 1 Fairf. 31.) If a party desires to claim the benefit of the statute of frauds, he must either deny the contract, or admit it and set up the statute. (Wildham v. Robideaux, 11 Mo. 660 ; Hook v. Turner, 22 Mo. 333.)

Scott, Judge, delivered the opinion of the court.

The difficulty we encounter in supporting the judgment of the court below is in the petition of the plaintiff, its want of conformity to the proof, and the instructions given. The action was tried on the theory that there was a sale of the slave by Cason to Suggett. There is evidence in the record tending to support this view of the transaction, on which, if a verdict had been found for the plaintiff, no court would have disturbed it. But to our minds the petition sets out only an agreement to sell the slave at a future day, and for a violation of this agreement the plaintiff was only entitled to damages for the non-delivery of the slave at the stipulated time, and not to the slave himself or his equivalent value. There is no averment in the petition that the slave was actually sold to Suggett, whereby the property would have been changed. Had an actual sale been alleged, the evidence of the fact ought to have been submitted to the jury, and a verdict in affirmance of that view of the subject should not have been disturbed. The petition alleging only a contract to sell, those instructions asked by the defendant, founded on that view of the transaction, should have been given, and that instruction, given for the plaintiff on the hypothesis that there was a sale, should have been refused.

Suggett's Adm'r v. Cason's Adm'r.

As the case appears to us, there is no doubt of the right of the plaintiff to recover; and, as it now stands on the petition, the measure of his damages should be the value of the slave at the time he should have been delivered; on which value the jury may allow interest.

We do not regard the statute of frauds as interposing any obstacle to the plaintiff's right of recovery. As to the objection, arising under the statute, that the contract was not performed within a year, it is now well settled that the statute only applies to those contracts which by their terms are not to be performed within one year. If the contract is such as that it may by its terms be performed within a year, the statute does not apply. In the case before us there was no time limited within which the work was to be performed. It might have been done immediately; consequently the contract was not affected by this provision of the statute. (Foster v. McO'Blenis & Matthews, 18 Mo. 88.)

As to the other objection arising under the statute, that there was no note or memorandum of the contract of sale, it may be answered that the contract having been entirely performed on one side, the other side can not interpose the defence arising under this section. (Holbrook v. Armstrong, 1 Fairf. 31; Long on Sales, 56; Donaldson v. Reed, 3 B. & A. 899.) There is some conflict of opinion on this question; but it seems to us the weight of authority and reason is in support of the proposition, that if goods are sold and delivered, at a longer credit than one year, without writing, the delivery of the goods being an execution of the contract on one part, the vendee should be bound by the agreement.

The other judges concurring, the judgment will be reversed and the cause remanded.