## LUCY FRARY *vs.* WALTER STERLING.

An oral promise of a mortgagee of land, at the time of entering for foreclosure, that if he shall sell " the place " he will pay to the mortgagor whatever he shall receive for it beyond the amount due on the mortgage, is within the clause of the statute of frauds which provides that no action shall be brought upon any agreement that is not to be performed within one year from the making thereof, — Gen. Sts. *c.* 105, § 1, *cl.* 5.

CONTRACT to recover a balance of the price of land sold by the defendant.

At the trial in the superior court, before *Rockwell,* J., these facts appeared: The plaintiff on July 25, 1853, mortgaged land in West Stockbridge to the defendant to secure the payment on

or before July 1, 1856, of $600 which she borrowed from him. On July 22, 1856, the defendant made an open and peaceable entry upon the premises on account of breach of the condition of the mortgage and for the purpose of foreclosure; and the plaintiff on the same day signed upon the back of the mortgage, and acknowledged before a magistrate, a certificate of such entry. On July 22, 1859, the title of the defendant became absolute under the foreclosure; the plaintiff having failed to make any payment on the mortgage note except the first year's interest. In May 1864, the defendant sold the land for $1350, which was more than the arrears of the plaintiff's debt; and the plaintiff, to sustain her claim to the surplus, " introduced evidence to prove that she signed the certificate upon the agreement, consideration and condition that, if the defendant should sell the place, he would pay to her whatever he should receive for it, after deducting the amount, principal and interest, of his mortgage, to the time of sale, and all necessary charges and expenses." The defendant objected to the introduction of this evidence, because the agreement, being oral, was within the statute of frauds; the judge overruled the objection; the verdict was for the plaintiff; and the defendant alleged exceptions.

*M. Wilcox*, for the defendant.

*T. P. Pingree & J. M. Barker*, for the plaintiff.

GRAY, J. The defendant relies upon that clause of the statute of frauds which provides that no action shall be brought " upon any agreement that is not to be performed within one year from the making thereof," unless the agreement or some memorandum or note thereof is in writing. Gen. Sts. *c.* 105, § 1, *cl.* 5. It is true that the statute does not cover an agreement which may be fully performed within the year, although in some contingencies it may extend beyond that period. *Roberts* v. *Rockbottom Co.* 7 Met. 46. *Doyle* v. *Dixon*, 97 Mass. 209. But an agreement which cannot be performed according to its terms within a year is within the statute, even if the act or promise which is the consideration for it may be performed within the year, or has been actually performed. *Lapham* v *Whipple*, 8 Met. 59. *Marcy* v. *Marcy*, 9 Allen, 8.

The agreement which the plaintiff offered to prove by ora[1] evidence was, that the defendant, at the time when the plaintiff gave him possession for the purpose of foreclosure of the land which she had mortgaged to him, promised that, if he should sell " the place," he would pay her whatever he should receive for it beyond the amount due on his mortgage, principal and interest. This agreement looked to a sale of the land, and not merely of his mortgage title therein, as is apparent equally from the use of the words " the place," and from the consideration that, if the mortgagee should sell only his own title before foreclosure, it could not be expected to sell for more than the amount due on the mortgage. It was not contended that the plaintiff by the agreement gave the defendant any direction or authority to sell her equity of redemption, and the foreclosure would not be complete, so that he could sell the whole estate without her consent, until the expiration of three years. Gen. Sts. *c.* 140, § 1. His agreement therefore could not, according to the only reasonable construction of its terms, be performed within one year, and the case is within the statute of frauds.

*Exceptions sustained.*