JOHN G. SELF, Respondent, *v.* ISHMAEL CORDELL, Appellant.

1. *Statute of frauds — Contracts not to be performed in one year, executed by one party, statute can not be invoked by the other.*— The purchaser of a carding machine, by a verbal agreement with the vendor, bound himself not to use any other carding machine in the vicinity of the one sold, for a period of four years. In suit by the vendor for breach of the contract, *held*, that although the contract could not be wholly performed within one year, yet having been completely executed by the plaintiff, defendant could not interpose the statute of frauds.

*Appeal from Fourth District Court.*

*Triplett,* for appellant.

*H. C. Peirce,* for respondent.

WAGNER, Judge, delivered the opinion of the court.

In this case no bill of exceptions is preserved in the record, and therefore there is nothing to review in this court except what may appear on the face of the record. The action was for damages for the violation of a contract, and alleged that the plaintiff purchased of the defendant a certain carding machine, and paid the purchase money, the defendant at the same time delivering the possession. As a part of the agreement, the defendant bound himself not to set up or superintend the running

45 345
36a 313
37a 67

45 345
129 657

45 345
72a 562

45 345
93a 191

of any other carding machine in the vicinity of the one sold to the plaintiff, or near enough to be in competition with it, for the period of four years. A breach was alleged.

Defendant answered, denying the allegations of the petition, and set up, as a further defense, the statute of frauds, claiming that the contract was not to be performed within one year, and that, as it was not in writing, it was therefore invalid. There was a trial by the court and judgment for plaintiff. The only thing that can be noticed here is whether the contract was void under the statute.

It is true that the contract could not be wholly performed within one year; but it was entirely and completely executed by one of the contracting parties, and it is the established doctrine of this court, and the settled law of this State, that where an agreement not in writing has been wholly performed on one side, the other party thereto can not interpose the defense of the statute of frauds. (Blanton v. Knox, 3 Mo. 342; Pitcher v. Wilson, 5 Mo. 48; Suggett's Adm'r v. Cason's Adm'r, 26 Mo. 221.)

Judgment affirmed. The other judges concur.