Smock v. Smock.

LEWIS SMOCK, Respondent, v. MATHIAS SMOCK, Appellant.

1. **Statute of Frauds:** CHATTEL PERSONAL V. CHATTEL REAL: FRUCTUS INDUSTRIALES V. FRUCTUS NATURALES. It seems quite well established, both in England and this country, that annual crops— crops raised by yearly cultivation or *fructus industriales*, are to be regarded as personal chattels, independent of and distinct from the land, and capable of being sold, by oral contract and without regard to whether the crops are growing or have matured—have ceased to draw nutriment from the soil. And apples, peaches and blackberries, which require the manurance and industry of man for their annual production, should be classed as *fructus industriales*, and so, as a chattel personal. Therefore a contract to give "one-half, in the orchard, of all apples and peaches, and one-half of all the blackberries on the bushes, which might be raised or produced by said orchard and blackberry bushes, situated on a certain tract of land of defendant during the years 1886–1887 and 1888," is not within the statute of frauds, and need not be in writing.

2. ———: CONTRACT NOT TO BE PERFORMED WITHIN ONE YEAR: COMPLETE PERFORMANCE. The above contract would, however, fall within the statute, because it was not to be performed within one year, but for the fact that plaintiff had fully performed the contract on his part.

3. **Definitions:** GIVE. The word, "give," as used in the above contract, means to yield possession of, to deliver over as property in exchange.

4. **Contract:** CONSTRUCTION OF: DELIVERY. A fair construction of the contract in this case is, that defendant was to deliver said products at the proper season of the year for gathering apples, peaches and berries, at the place where grown.

5. **Damages:** MEASURE OF. The measure of damages for the breach of said contract is the value of one-half of the product at the time the same was fit for delivery.

6. **Instructions:** REVERSAL. An instruction inaccurate in expression, but not misleading or prejudicing, should not reverse.

7. **Definitions.** Chattel real, chattel personal, *fructus naturales* and *fructus industriales* are defined and discussed.

*Appeal from the Nodaway Circuit Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED.

*Johnston & Craig,* for the appellant.

(1) The court erred in refusing instruction number 1, asked by the defendant. (*a*) Plaintiff in trover, through a verbal contract made in 1885, claims right of property in the fruit on the trees grown in 1887 on defendant's orchard. This fruit being *fructus naturalis* the contract was for the conveyance of an interest in land, and to have been effectual must have been in writing and under seal. R. S. Mo., sec. 674; *Deland v. Vanstone,* 26 Mo. App. 297; *Andrews v. Costican,* 30 Mo. App. 29. (*b*) The evidence did not sustain the case made by the petition. There was a fatal variance between the allegations of the petition and the evidence, in this: By the petition it became necessary for plaintiff to prove that the plaintiff was to take one-half the fruit, if entitled to it at all, from the trees, and to demand of defendant such fruit on the trees to which plaintiff was entitled, while the plaintiff himself testified that he did not demand one-half the fruit. (P. 19 of record.) He also testifies in his examination in chief (found on p. 18 of record), as follows: "On September 15, 1887, I went to commence delivering apples and defendant forbid me. I never got any of the money for the apples. He kept all the fruit and never gave me any money proceeds of the sale for 1887. He refused to do so." And besides, under the issues in the case, it was absolutely indispensable that plaintiff establish his right to recover by written evidence, acknowledged and under seal as the case made was within Revised Statutes, 1879, section 2513, and Revised Statutes, section 674. There being no competent evidence to establish in plaintiff a right of recovery, instruction number 1 asked by plaintiff should not have been given. *Lee v. David,* 11 Mo. 114; *Harris v. Woody,* 9 Mo. 113; Thompson on Charging the Jury, p. 44, secs. 1-2 and authorities. (2) The court erred in giving instruction number 1, asked by plaintiff. (*a*) If, according to plaintiff's

theory, the plaintiff had performed his contract in full, and had nothing to do but to receive the fruit, which defendant was to deliver to him ready for market, yet (1) said contract was not to be performed within a year, and (2) being for an interest in real estate was within the statute of fraud, for both reasons, and plaintiff was not, under the pleading and evidence, entitled to the value of one-half the fruit grown during the year 1887. The contract was made October 30, 1885. *Sharp v. Rhiel*, 55 Mo. 97; *Atwood, Adm'r, v. Fox*. 30 Mo. 499; *Deland v. Vanstone*, 26 Mo. App. 297–302 ; *Andrews v. Costican*, 30 Mo. App. 29 ; *Briar v. Robertson*, 19 Mo. App. 66 ; *McIlvaine v. Harris*, 20 Mo. 457 ; Tiedeman on Real Property, sec. 799, pp. 800 and 801; 3 Washburn on Real Property [5 Ed.] p. 368. (2) 1 Benj. on Sales [4 Am. Ed. by Corbin] note 5, pp. 136, 137, 138 and 139; Bish. Cont. [Enlarged Ed.] sec. 1297 ; *Green v. Armstrong*, 1 Denio, 551 ; *Owens v. Lewis*, 46 Ind. 488 ; *Kingsley v. Hollsbrook*, 45 N. H. 313 ; s. c., 86 Am. Dec. 173; *Patterson's Appeal*, 61 Penn. Stat. 294 ; s. c., 100 Am. Dec. 637. *Slocum v. Seymore*, 36 N. J. [7 Vroom] 138 ; *Lillie v. Dunbar*, 62 Wis. 198. (*b*) Said instruction was erroneous in defining plaintiff's measure of damages. If plaintiff was entitled to recover at all, under the case made, the value of the fruit was not his measure of damages. *Fructus naturalis* is real estate, and a parol agreement to sell such, although the purchaser may pay the contract price, yet if the vendor refuses to consummate the sale, such payment is not such part performance as will take the case out of the statute, and the purchaser's only remedy is to recover back what he paid, if money, or the value of the service or other thing rendered in payment; and not the thing purchased nor its value, because that would be a plain evasion and nullification of the statute. *Barickman v. Kingkendall*, 6 Black Ind. 21 ; *Gaar v. Lockridge*, 9 Ind. 92 ; *Allen v. Booker*, 19 Am. Dec. 33 ; s. c., 2 Stew. Ala. 21 ; *Lockwood v. Barnes*, 3 Hill [N. Y.] 128; *King v. Brown*,

Smock v. Smock.

2 Hill [N. Y.] 485; *Deland v. Vanstone*, 26 Mo. App. 297–302; *Andrews v. Costican*, 30 Mo. App. 29; *Jarboc v. Leverin*, 85 Ind. 498; *Green v. Groves*, 7 W. Rep. [Co-op. Ed.] 915; *Wallace v. Long*, 55 Am. Rep. 222; s. c., 105 Ind. 522; *Owens v. Lewis*, 46 Ind. 501; *Giles v. Simmonds*, 77 Am. Dec. 373; s. c., 15 Gray, 441; *Burton v. Scherpf*, 1 Allen, 135; *Harrell v. Miller*, 72 Am. Dec. 154; s. c., 35 Miss. 700. (c) Said instruction was erroneous in this: That it ignored the fact that while the proof unquestionably established the fact that according to the provisions of said contract, its terms could not be performed within a year, and that the very part of the same, for the non-performance of which this suit is brought, could not be performed until the lapse of about two years from the making of such contract, yet, notwithstanding the statute of frauds (R. S. 1879, sec. 2513), this instruction tells the jury that plaintiff was entitled under his contract to recover exactly the same as though it had been in writing, in compliance with said statute. *Lockwood v. Barnes*, 3 Hill [N. Y.] 128; *Atwood v. Fox*, 30 Mo. 499; *Sharp v. Rhiel*, 55 Mo. 97. (d) Said instruction was erroneous in this: That it tells the jury, if the plaintiff had nothing further to do under the contract, except to demand and receive said fruit of defendant, then such contract would be valid and binding on defendant, because performed by plaintiff. *Green v. Groves, supra; Carlisle v. Brannan*, 67 Ind. 12. (3) This was an action of trover; and before plaintiff could maintain trover he must show a general or special interest in the property converted; such property in the thing as would enable him to sustain replevin for the same had the defendant had possession at the time this suit was brought. Wait's Acts & Def., p. 121, secs. 1, 2, 6, 7; 2 Greenl. Ev., secs. 636, 637; 1 Chit. Plead., pp. 149, 160. If, according to plaintiff's theory, the defendant was to gather the fruit and deliver one-half of it to plaintiff, then, the same being *fructus naturalis* could not become the plaintiff's property

until delivery; for if it be considered that plaintiff purchased the fruit after maturity as a chattel, then no title or interest could pass to or vest in him until by the contract it was matured and delivered. The contract was executory until his part of the fruit became ascertained, and distinguishable from the balance. This being the effect of the contract, defendant had a right to stand on the legal protection of the statute, deny plaintiff's right to the fruit, leaving plaintiff to his remedy to recover back what he had paid, etc. See authorities, *supra*. The error of the court in refusing instruction 5, asked by defendant, is presented above.

*William Ellison,* for the respondent.

(1) Did the plaintiff perform every part of the contract on his part, leaving nothing to be done by him but to receive the fruit from defendant, at the latter's home? If so, the doctrine of full performance applies, and the plaintiff is entitled to recover, unless the contract related to an interest in real estate. How can defendant interpose the statute of frauds, when the plaintiff had performed it completely on his part, leaving nothing to be done by him except to receive the fruit? The bond for a deed and the fifteen-hundred-dollar note, running for twenty years, had been cancelled; the deeds and deed of trust and three notes, maturing at different times, had been executed in lieu thereof. Every part of the contract on plaintiff's side had been fully and fairly performed. *Self v. Cordell,* 45 Mo. 345; *Suggett's Adm'r v. Cason's Adm'r,* 26 Mo. 221; *McConnell v. Brayner,* 63 Mo. 461; *Winters v. Cherry,* 78 Mo. 344; *Hoyle v. Bush,* 14 Mo. App. 408; *Tatum v. Brooker,* 51 Mo. 148; *Galley v. Galley,* 14 Neb. 124. (2) As to the measure of damages in a case like this, the rule is well put in *Suggett v. Cason,* 26 Mo. 221. (3) Appellant's claim is that (a) the agreement undertook to pass to appellee an interest in the

fruit while yet on the tree ; that (b) ripe fruit on the tree is a chattel real; and that, (c) therefore, the contract is void under the section of the statute of frauds in relation to the sale of real estate. Admitting the premises, such conclusions would undoubtedly follow. Appellee questions the correctness of both of these premises. That ungathered corn, potatoes, wheat or vegetables of all kinds, whether mature or immature, are regarded as personal property, is too familiar a proposition to require the citation of authorities. The contrary is intimated in *McIlvaine v. Harris*, 20 Mo. 457, a singular opinion in respect to this point, being opposed to all authority. It is directly overruled in the case of *Garth v. Caldwell*, 72 Mo. 622, at page 627. The question is : Should ungathered ripe fruit be classed under the same head ? If so, the statute of frauds in relation to the sale of an interest in real estate has no application. Wood Stat. Frauds, sec. 201. That fruit on the tree is regarded as personal property, which may be sold by a verbal contract, has been decided in the following cases : *Purner v. Piercy*, 40 Md. 212 ; *Vulicerich v. Skinner*, 19 Pac. Rep. (S. C. Cal.) 424 ; Wood Stat. Frauds, p. 354 ; note, col. 2. While the license to enter may be revoked, such revocation does not prevent a suit for the breach of contract. *Hill v. Hill*, 113 Mass. 103 ; *Giles v. Simmonds*, 15 Gray, 441 ; Wood Stat. Frauds, secs. 196, 194, 195. The sale of growing hops (why not fruit?) was held to be not within the fourth section of the statute of frauds in the case of *Frank v. Harrington*, 36 Barb. [N. Y.] 415. And it is held that a contract for the sale of hop roots in the ground is not within the fourth section, though the hop roots are perennial. *Webster v. Zielly*, 52 Barb. [N. Y.] 482 ; *Wiley v. Bradley*, 60 Ind. 62 ; 3 Pars. Cont. [6 Ed.] 31, 32 ; 2 Whart. Ev., sec. 866 ; *Waters v. McGuigan*, 39 N. W. Rep. [Wis.] 382 ; 2 Whart. Ev., sec. 1249 and note.

SMITH, P. J.—This is an action commenced by the plaintiff against defendant, in the circuit court of Nodaway county, to recover damages arising out of the breach of a contract.

The petition stated that the plaintiff had given to defendant his note for fifteen hundred dollars, due twenty years after date, in consideration of which defendant had executed to plaintiff a title bond conditioned, that on the payment of the note, that defendant would convey to plaintiff a certain tract of land ; that defendant put plaintiff in possession of the land, and, while so in possession, that defendant proposed to plaintiff that if he would consent to the cancellation of said note, and title bond, and give him three notes for said note of fifteen hundred dollars, one for two hundred dollars, due on or before two years after date, a second for three hundred dollars, due seven years after date, and a third for one thousand dollars, due eighteen years after date, and secured by a deed of trust on said lands, conditioned, if the plaintiff failed to pay said notes, or the interest thereon annually, that the trustee, therein to be named, should be authorized to sell said real estate, etc., in consideration of which the defendant promised plaintiff a warranty deed conveying to him said land, and "one-half, in the orchard, of all the apples and peaches, and one-half of all the blackberries on the bushes, which might be raised or produced by said orchard, and blackberry bushes situated on certain tract of land of defendant during the years 1886, 1887, and 1888 ; that the note and bond for the deed were duly cancelled, and the three last-named notes and deed, and trust deed, were duly executed according to said agreement, that the said apple and peach orchard, and blackberry bushes, in the season of 1887, yielded and produced three thousand bushels of apples, of the value of thirteen hundred and fifty dollars, in the orchard, and fifteen bushels of peaches, of the value of $22.50, in the

orchard, and thirty gallons of blackberries, of the value of nine dollars, on the bushes; that in proper time plaintiff demanded of defendant, one-half of said fruit, which defendant refused to let him have, one-half being of the value of $690.50;'' etc.

The answer contained a general denial, and the plea of the statute of frauds, as a defense.

There was a trial of these issues, and under the evidence and instructions the jury found for the plaintiff.

It is not deemed necessary to set forth at length, either the evidence or the instructions, the reference made to them hereafter being sufficient for the purpose of understanding, and determining the questions, which are presented by the record for our consideration.

The question is whether, an action brought against defendant to charge him on said agreement whereby he "promised plaintiff one-half in the orchard of all the apples and peaches, and one-half of all the blackberries on the bushes, which might be raised or produced by said orchard and blackberry bushes, during the years 1886, 1887 and 1888,'' is interdicted by the provision of the statute of frauds, which provides that no action shall be brought " upon any contract for the sale of lands, tenements, hereditaments, or an interest in or concerning them or any lease thereof for a longer time than one year, or upon any agreement that is not to be performed within a year from the making thereof, unless the agreement upon which the action shall be brought or some memorandum thereof shall be in writing and signed by the party to be charged therewith.''

If the fruit "to be raised or produced by the orchard during'' the last three years mentioned is a chattel real, the contract is within, and if it is a chattel personal, it is without, the statute, and whether it is the one thing or the other, depends upon what the contract itself is construed to mean.

If the subject of the contract is comprehended in that class of products which are obtained by the labor and cultivation of man, and which the law has termed *fructus industriales* (Bouvier's Law Dict. 696; *Purner v. Piercy*, 40 Md. 212), then the contract itself is not governed by the statute of frauds, in so far that it need not be in writing. 2 Schouler's Pers. Prop. 468 *et seq.*; *Vulicerich v. Skinner*, 19 Pac. Rep. 424; *Marshall v. Ferguson*, 23 Cal. 65; *Davis v. McFarland*, 37 Cal. 636; Benj. on Sales, secs. 120, 121, 126.

Judge SHERWOOD speaking for the whole court in *Garth v. Caldwell*, 72 Mo. 622 said, "it seems quite well established now both in England and in this country, that annual crops, crops raised by yearly labor and cultivation or *fructus industriales*, are to be regarded as personal chattels, independent of and distinct from the land, capable of being sold, by oral contract and without regard to whether the crops are growing or having matured, have ceased to draw nutriment from the soil." But it is contended by the learned counsel for the defendant, that the subject-matter of the said contract belongs to that class of products, which are produced by the powers of nature alone, and which in law language are denominated *fructus naturales* (Bouvier Law Dict. 696), and therefore the contract is governed by the statute of frauds.

A growing crop of fruit requiring periodical expense, industry and attention in its yield, and production, may well be classed as *fructus industrialis*. *Purner v. Piercy*, 40 Md. 223; *Webster v. Zeilley*, 52 Barb. 482; Brown Stat. Frauds, secs. 236-237-246-247-249; *Evans v. Roberts* 5 B. & C. 829; 1 Greenl. Ev., sec. 371; Wood Stat. Frauds, sec. 203.

The circumstance that the produce may derive nutriment from the earth at the time of growing is not conclusive as to the statute, no intent of parties to buy or to sell the soil existing. Wood Stat. Frauds, sec. 205; *Purner v. Piercy, supra*.

But this doctrine does not go far enough to comprehend fruit, that is to be produced in an orchard during three years subsequent to the making of the contract. Hops, which grow from ancient roots, and which may yet be emblements (Coke Litt. 556b) though at first sight are exceptions, really fall within the rule.

In *Latham v. Atwood*, 1 Croke, Car. 515, hops, were held to be like emblements, because they were such things as grow by the manurance and industry of the owner by making of hills and setting of poles; that labor and expense, without which they would not grow at all, seems to have been deemed equivalent to the sowing and planting of other vegetables.

In Wood on the Statute of Frauds, section 199, it is stated that, "according to the principles here established, it would seem that the crop of hops of the first year in such cases would be *fructus industriales*, but that of subsequent years like fruit on trees would be *fructus naturales*, unless requiring cultivation, labor and expense, for each successive crop as the hops do, in which event they would be *fructus industriales* till exhausted. Benj. on Sales, sec. 130.

Why does not this rule apply to the product of the orchard?

There are many fruit-bearing trees indigenous to our forests, whose annual products possess a very considerable commercial value. The fruits of these are the spontaneous productions of the earth, and are not annual productions raised by the manurance and the industry of man, and these are *fructus naturales*. Would the fruit of the apple and the peach tree be classed with these? It is common observation and experience, that the orchard, the vineyard and plantations of blackberry, raspberry and strawberry cannot be made to annually produce without the manurance and the industry of man.

The orchard must be pruned, fertilized, cultivated and protected against the swarming millions of its insect enemies, with care, during each recurring year, or it will fail to produce.

It seems to us that the rule, that declares hops for the first year *fructus industriales*, but that of subsequent years *fructus naturalis*, unless they require cultivation, labor and expense, for each successive crop, as is the case which renders them *fructus industriales*, ought to apply to the orchard and the blackberry plantation, for they are within the reason of the rule.

We are aware that this view is in opposition to the doctrine announced in a class of cases of which *Gunn v. Armstrong*, 1 Denio, 550, is a type.

We think that as the growing crop of fruit for any year, like the hop, is *fructus industriales* for that year, that for subsequent years, for the same reasons, that hops otherwise *fructus naturalis*, are declared to be *fructus industriales*, so ought it to be.

By the contract, as we interpret its meaning, the plaintiff was not to own said orchard products, while they were growing, and not until after they were delivered and became chattels.

And whether the fruit was in existence at the time the contract was made, or to be produced out of the soil afterwards, by the manurance and labor, becomes important in the view we entertain of this case.

Having reached the conclusion that the fruit to be raised and produced in the orchard for each successive year mentioned in said contract, should be classed as *fructus industriales*, that it is not, therefore, a chattel real, and that the contract concerning the same need not be in writing.

But the defendant contends that even if the contract sued on concerned chattels personal, that the same is still within the operation of the statute of frauds, because it was not to be performed within a year.

This contention must be sustained unless it be that the plaintiff has fully performed said contract on his part. *Self v. Cordell*, 45 Mo. 345; *Suggett v. Cason*, 26 Mo. 221; *McConnell v. Brayner*, 63 Mo. 461; *Winters v. Cherry*, 78 Mo. 344.

The uncontradicted evidence was, that the plaintiff in the performance of his part of said agreement cancelled and delivered up the title bond, and executed and delivered to defendant the notes and deed of trust to secure the same.

This was the performance of his side of the agreement. What more was there for him to do. This action by him, devolved upon the defendant the performance of the other side of it. He gave the plaintiff the deed, but not the fruit. The provision of the agreement, as it was alleged, and shown by the plaintiff, was that the defendant was to do two things, one was to deliver plaintiff a deed to the land, and the other was to deliver one-half of the product of the orchard. One of the witnesses said the defendant promised plaintiff, in consideration of his making the concession requested by defendant, that the latter would "give plaintiff a deed for the land and one-half of the fruit for the years 1886, 1887 and 1888."

The word "give" is one of very wide and varying significance, according to some of the lexicographers. Webster's Dictionary: Give—one of its meanings is "to yield possession of, to deliver over as property in exchange." This word must be taken in the connection in which it was used, not in the common-law sense in which it is construed in leases, but in the sense in which it is commonly understood, namely, to yield possession or to deliver over as property.

The instruction for the plaintiff was based upon the hypothesis which, it seems to us, was not outside of the case as presented by the plaintiff's evidence. A fair and reasonable construction of the agreement, as it is made to appear in the plaintiff's evidence, is that the

defendant was to deliver said products at the proper season of the year for gathering apples, peaches and berries, at the place where grown ( *Waters v. McGongan*, 39 N. W. Rep. 382; 2 Wharton Ev., sec. 1249); but if none were produced on account of natural or other causes over which defendant had no control, that then none could be given the plaintiff. The production, of course, was a condition precedent to the delivery.

The plaintiff's petition, while subject somewhat to the defendant's criticism, we think, sufficiently states an action for the breach of the contract.

The measure of damages was the value of one-half of the product of the orchard, at the time the same was fit for delivery. *Suggett, Adm'r, v. Cason*, 26 Mo. 221.

If the facts, as alleged in the petition, are true as was found by the jury, that the plaintiff has fully performed his part of the said contract, it would be a fraud on him to permit the defendant to escape the performance of his part of it by interposing the defense of the statute or frauds.

The case seems to have been tried in the main correctly. The instruction given for plaintiff is inaccurate in expression, but as we cannot see that the giving of it could have misled the jury, to the prejudice of the defendant, we are not disposed to reverse the judgment on that account.

Upon an examination of the whole case, we are not able to discover any errors prejudicial to the defendant, therefore the judgment is affirmed. All concur.