MAUD BIRD, Respondent, v. R. I. BILBY, Appellant.

Kansas City Court of Appeals, November 10, 1919.

1.  **CONTRACTS: Statute of Frauds: Full Performance by One Party Within a Year.** In an action on an oral contract whereby the defendant agreed to pay plaintiff $20 a month for a period of 17 1/2 years in consideration of the plaintiff's agreement not to sue defendant for the death of her husband alleged to have been caused by the defendant's negligence; since the plaintiff, a widow with minor children of husband surviving, had but six months under the wrongful death statute to sue, her failure to sue within that period and within the year, is a full performance of her part of the contract which takes the oral agreement out of the provisions of the Statute of Frauds forbidding action on oral agreements not to be performed within a year.

2.  ———: **Consideration.** The agreement waiving the right to sue on a bona-fide claim is a good consideration and the defendant's actual liability on the claim is immaterial.

Appeal from Nodaway Circuit Court.—*Hon. John M. Dawson* Judge.

AFFIRMED.

*Cook & Cummins* for respondent.

*Wright & Ford* for appellant.

TRIMBLE, J.—This is a suit for damages for breach of an oral contract. Plaintiff's husband, William Bird, was foreman on one of defendant's ranches, and on September 27, 1910, was engaged in the digging of a ditch thereon. While so doing, the sides of the ditch caved in and killed him. He left his widow, the plaintiff, and several minor children the youngest of whom was six months old. Plaintiff intended and was about to bring a suit for damages against defendant on the ground that her husband's death was caused by defend-

ant's negligence. Defendant, knowing this, went to plaintiff some two weeks after her husband's death and proposed to her a settlement, offering and agreeing that, if she would not bring a suit or cause him any trouble, he would pay her $20 per month until her youngest child became eighteen years of age, a period of seventeen and one-half years. He told her such an arrangement would be all right and it would be better for her to get the money in installments this way than to have all the money paid into her hands at once. After making certain that he would "always" pay it to her, that is, that he would pay during the aforesaid time whether the child lived or died, she accepted the offer and they separated with the clear understanding and agreement that she would not bring her contemplated suit and he would pay her $20 monthly throughout the time above mentioned, a period of 210 months.

Defendant at once began paying her the monthly sums of $20 and continued to do so down to and including the month of February, 1914, a period of 41 months. In the meantime she had married her deceased husband's brother and moved to Minnesota and defendant sent her the monthly checks for $20 while there and also for a time after their return from that State. Her husband finally went back to Minnesota and when she got ready to follow him, defendant refused to continue making the payments, unless, so she says, she would leave her husband, whom defendant considered worthless.

The defendant concedes that he paid her monthly payments down to February, 1914, but denies that there was any agreement between them or settlement of her cause of action, insisting that the payments he made were in the nature of a voluntary "pension" paid by him to help her because she was in need. He also concedes that he refused to continue the payments if she went back to her husband.

At the close of plaintiff's case and at the close of all the evidence, defendant demurred but was overruled. The jury found a verdict for plaintiff, upon

which judgment was rendered and defendant has appealed.

The main contention is over the question whether the alleged agreement, upon which plaintiff grounds her suit, is within or without that clause of the Statute of Frauds forbidding an action upon any oral agreement "that is not to be performed within one year from the making thereof." [Section 2783, R. S. 1909.]

An oral contract which neither party can perform within the year is within the statute; and, even though full performance has been made by the complaining party after the expiration of said year, no action can be maintained *on the contract*. Defendant insists that the contract herein is of this character. He says plaintiff's agreement not to sue for the death of her husband could be fully performed only by refraining from suit throughout the full period of the general Statute of Limitations which, of course, is more than a year, and that, therefore, the contract is one which neither party could perform the within year. But plaintiff's cause of action for the death of her husband arose under sections 5426 and 5427, chapter 38, Revised Statutes 1909, and was, therefore, governed by the limitation contained in that chapter, which gives the widow, in case there are minor children, only six months in which to sue, and in no event could a suit be maintained by anyone unless *brought* within a year after the cause of action accrued. [Section 5429.] Hence the contract in this case clearly contemplated that plaintiff's part thereof would be performed within the year from the date of such contract which was two weeks subsequent to the date of her husband's death, and this last date was when her cause of action accrued. Manifestly, therefore, the contract herein is one which contemplated that the plaintiff should perform within the year and which the plaintiff did perform in full before the expiration of that time.

Under these circumstances the question arises, does full performance by the plaintiff within the year take the case out of the statute and allow her to maintain the

suit? This is a question on which the courts of the different jurisdictions do not entirely agree. The great majority of them, however, uphold the doctrine that in such case the statute does not apply. [29 Am. & Eng. Ency. of Law (2 Ed.), 825; 20 Cyc. 291.] Such is the English rule, and is the one followed by most of the American States. See cases cited in support of the text in the above authorities, a few of which are: Donnelan v. Read, 3 B. & Add. 899, 110 English Reports, 330; Johnson v. Watson, 1 Ga. 348; McDonald v. Crosby, 192 Ill. 283; Curtis v. Sage, 35 Ill. 22; Haugh v. Blythe's Exr., 20 Ind. 24; Saum v. Saum, 49 Iowa, 704; Ellicott v. Turner, 4 Md. 476; McClellan v. Sanford, 26 Wis. 595; Washburn v. Dosch, 68 Wis. 436; Dant v. Head, 90 Ky. 255; Berry v. Doremus, 30 N. J. L. 399; Langan v. Iverson, 78 Minn. 299. [See, also, City of Tyler v. Southwestern R. Co., 99 Tex. 491, 13 Ann. Cases, 911.] Some courts seem to require that, after full performances within the year by one party, nothing more must remain to be done by the other party except the payment of money. Whether this applies only to cases wherein such other party *might*, upon performance, have paid the money within the year, and not to cases where the money could not have been so paid, does not always seem to have been made clear. It may be well to note that in the contract now under consideration plaintiff fully performed within the year and nothing remained for defendant to do except to *continue* that which he had been doing from the making of the contract, namely, the payment of the installments at the time and throughout the period called for in the contract. But without regard to whether the rulings of some of the courts apply to one or both of the situations above referred to, it is certain that the great majority of them hold that where it is the intention of the parties that one of them should perform within the year, and such party has fully performed within that time, then the other party cannot escape even though he is not to perform, and cannot perform, within the year. A number of States, however, hold to the contrary doctrine, namely, that if the contract is not to be performed by

one party within the year, recovery cannot be had against him by the other even though such other party has fully performed and has done so within the year. [29 Am. & Eng. Ency. of Law, 836; Frary v. Sterling, 99 Mass. 461; Dietrich v. Hofelmeir, 128 Mich. 145; Broadwell v. Getman, 2 Denio, 87; Lockwood v. Barnes, 3 Hill (N.Y.) 128; Pierce v. Paine, 28 Vt. 34. See, also, cases cited under Minority Rule in 13 Ann. cases 918.]

In Blanton v. Knox, 3 Mo. 342, the Supreme Court of our State held that as the plaintiff's part of the contract was to be performed within the year, and was fully performed (by the delivery of a slave) within that time, the contract was taken out of the statute. The case of Pitcher v. Wilson, 5 Mo. 46, was where under the contract *neither* party could perform within the year, and even though plaintiff had fully performed after the year, the court held he could not recover. Instead of overruling the case of Blanton v. Knox, the latter case was distinguished from the former and the decision in the Blanton case has been followed in a long line of decisions thereafter. [Suggett's Admr. v. Cason's Admr., 26 Mo. 221; Self v. Cordell, 45 Mo. 345; Winters v. Cherry, 78 Mo. 344; Smock v. Smock, 37 Mo. App. 56; Mitchell v. Branham, 104 Mo. App. 480; Bless v. Jenkins, 129 Mo. 647; Marks v. Davis, 72 Mo. App. 557; Moore v. McHaney, 191 Mo. App. 686, 697; Denney v. Brown, 193 S. W. 552.]

In the case of Johnson v. Reading, 36 Mo. App. 306, the contract related to the sale of a lease of real estate for a term of years and was also one not to be performed within a year. It was, therefore, one that was affected not only by the branch of the Statute of Frauds now under consideration, but it violated two other branches of the Statute, namely, the one relating to the *creation* of leases, etc., for a term of years (Sec. 2782), and the one relating to the *sale* or *assignment* of such leases (Sec. 2783). The facts in the case were that plaintiff had performed in part only, and as this could take the case out of the statute *only in equity,* such part per-

formance could not avail, as the case was one at law. The opinion did not hold that full performance by one. party within the year would not entitle a recovery against the other party, but, on the contrary, said (p. 315) "it is fairly deducible from all cases decided in this State touching contracts falling within the *various* sections of the Statute of Frauds, that where the contract has been fully performed on one side, and the other party has the benefit of such performance, recovery may be had even upon the contract itself." (Italics ours). The opinion then, in answer to plaintiff's contention that he had fully performed, went on to show that he had *not* done so. He had only given defendant possession, but had never vested the leasehold in him since he had not assigned it in writing, as required by the other branches of the statute. In other words, he had only performed in part, and the opinion says (p. 317), "that a contract which cannot be performed within one year is not taken out of the statute by part performance we assume to be the law everywhere."

In other words, Judge ROMBAUER's holding was that mere delivery of possession of the land, under a verbal sale or assignment of the lease, would not pass the titled to the leasehold interest because of section 2782 reinforced by section 2781 which made the tenancy under a verbal lease for years one at will only; and since the defendant did not occupy during the term but left before the expiration thereof, *there was no full performance* of the contract by either party, and since nothing less than full performance would suffice to take the contract out of the statute in an action at law, the plaintiff could not recover. In so holding, Judge ROMBAUER said the opinion was in conflict with the *dicta* in Winters v. Cherry, 78 Mo. 344, on the same point, and with "the statement made by Judge WAGNER in general terms at the close of the opinion" in Self v. Cordell, 45 Mo. 345, 346, which, said Judge ROMBAUER, "would be inaccurate if aplied to *other* contracts not to be performed within one year." [36 Mo. App. 1. c. 314.]   (Italics ours.)

For this reason the case was certified to the Supreme Court, and the decision of that tribunal is reported under the style of Nally, Admr: v. Reading, 107 Mo. 350. The opinion by Judge SHERWOOD (p. 353) says: "The only point presented, the turning point in the case, for consideration is whether such a contract as the pleadings and evidence present is capable of being sold, transferred or assigned by parol," and, after holding that it could not be done, approved Judge Rombauer's decision. In other words, mere delivery of possession of lands under a *verbal* assignment of a lease for a term of years did not fully perform the contract. It was on this question, and after saying that the doctrine of part performance had no place in an action at law, that the court said: "If there are any authorities in conflict with the views here announced, we overrule them." (P. 355.) The court was not dealing with a contract governed only by that provision of the Statute of Frauds relating to contracts not to be performed in one year, but with one covered by two other branches thereof, and merely held that these two other branches prevented plaintiff's mere delivery of possession from being full performance, and as defendant had not fully performed, there could be no recovery under any theory. Nor was the court dealing with a contract such as the one in the case at bar, subject only to the one provision of the statute now under consideration, and wherein plaintiff has fully performed her part.

In the case of Reigart v. Manufacturer's Coal and Coke Company, 217 Mo. 142, the suit was on a contract for the sale of goods of more than $30. Being such, it had to be in writing under that branch of the Statute of Frauds, section 2784. There was a writing which though apparently complete on its face, lacked one of the essential terms of a valid written contract. The plaintiff sought to supply this lack by parol testimony to the effect that the parties had an *oral* agreement that plaintiff should create a market for and sell defendant's coal and that this was the element lacking in the written

instrument. But, under the authorities, a contract which must be in writing before it can be enforced, cannot be "eked out" by parol evidence. Hence the *writing* could not be enforced as a contract. The writing *and* the oral agreement together was nothing more than if both were entirely oral and, being in its entirety a contract not to be permitted within one year it came within the provision of that branch of the statute. [Sec. 2783.] The plaintiff had not fully performed the contract, made up of the writing and the oral agreement, for while he may have created a market for defendant's coal as called for in the latter and thus have fully performed that part, he was required by the written portion of the contract to receive and accept coal from the defendant for a period of four years, and hence he could not and did not fully perform the entire contract within a year. Hence there was in the case no question of the effect of full performance, within the year or within any other time, and it does not decide that full performance within the year by the complaining party will not authorize a recovery against the other party who has a longer time than a year in which to perform a contract governed by that particular branch of the statute. On page 163 of the Reigart case remarks are made as to the overruling of Self v. Cordell, 45 Mo. 345, which might, at first glance, appear to change the rule theretofore existing in Missouri as to the effect of full performance within the year of such a contract. But, as said above, this was not the point decided.

The writer hereof, in Aylor v. McInturf, 184 Mo. App. 691, misconceived the scope and meaning of the Reigart case, mistakenly thinking that it indicated a change in the rule of full performance within the year. What was said in the Aylor case concerning this matter was not necessary to a determination of that case, since the contract therein was like the one in Johnson v. Reading, and related to a lease of land for a term of years, and the plaintiff had merely put the defendant in possession but had not vested the leasehold in him

by a written lease or assignment. Hence there was no full performance, and the contract was within various branches of the statute, those relating to the creation and assignment of leases of real estate and the one relating to contracts not to be performed within a year. For this reason the result reached in the Aylor case was correct, but the *obiter* therein as to the change in the other rule was incorrect and is hereby disapproved. It follows that the contract in the case at bar is not within the statute concerning contracts not to be performed within the year, and the learned trial court did right in refusing to hold that it was.

It is further contended that plaintiff pleaded one contract and proved another; that she pleaded a settlement of her cause of action for the wrongful death of her husband and proved a mere agreement not to sue, but manifestly there is no merit in this contention.

Neither was the agreement without consideration. Want of consideration was not pleaded; but the settlement of plaintiff's claim, the waiver of her right to sue thereon in reliance upon defendant's promise is a sufficient consideration. [9 Cyc. 335; Fuller v. Tootle-Campbell Dry Goods Co., 189 Mo. App. 514; Wallace v. Workman, 187 Mo. App. 113.] When plaintiff settled her original cause of action it was forever extinguished and could not be revived. Her rights thereafter rested alone upon the new agreement. [Simmons v. Globe Printing Company, 209 S. W. 130.] The agreement settled the issue of defendant's negligence in the original cause of action between them and neither could reopen and litigate that issue. The evidence offered by defendant in the attempt to show that he was not negligent and would not have been liable in damages for the death of her husband, was properly excluded. This disposes of all the points raised and presented in plaintiff's brief, and since they are not such as can be sustained, the judgment is affirmed. All concur.