GERHARD WINNER v. JOHN WILLIAMS.

*Statute of frauds—Contract for sale of goods worth eighty dollars—Shipped to vendee on his verbal order—And never accepted by or delivered to him —Nor any payment made thereon—Is within How. Stat. sec. 6186—Sale of such goods on execution against vendee—Conveys no title to purchaser.*

Defendant levied an execution on a quantity of liquors, of the value of eighty dollars, sold to the judgment debtor on his *verbal* order and shipped to him by rail. At time of levy the liquors were in possession of the railroad company, and had not been accepted by or delivered to the vendee.

*Held,* that the sale was within How. Stat. § 6186,[1] and the levy unwarranted, and the defendant acquired no title to the goods under the sale made thereunder.

---

[1] How. Stat. § 6186.—"No contract for the sale of any goods, wares, or merchandise, for the price of fifty dollars or more, shall be valid, unless the purchaser shall—

"(*a*) Accept and receive part of the goods sold; or,

"(*b*) Shall give something in earnest, to bind the bargain or in part payment; or,

"(*c*) Unless some note or memorandum in writing of the bargain be made, and signed by the party to be charged thereby, or by some person thereunto by him lawfully authorized."

Error to Muskegon. (Russell, J.) Argued July 1, 1886. Decided July 8, 1886.

Case. Defendant · brings error. Affirmed. The facts are stated in the opinion.

*Delano & Bunker*, for appellant:

How. Stat. § 6186, does not apply to this case, but could only be used as a matter of defense by the vendee in a suit for the purchase price of the goods.

The contract was an executed one on the part of the plaintiff, who cannot rescind it on the ground that it is void under the statute of frauds: 3 Parsons on Contracts (7th ed.), 40 (star paging), 64–5 (note *g*); *Wood on Frauds*, 492–3; *Westfall v. Parsons*, 16 Barb. (N. Y.) 645.

The statute can simply be applied as a rule of evidence, and if a party has not complied with its provisions in making his contract, he cannot prove it in an action for its enforcement: *Abbott v. Draper*, 4 Denio, 54; *Swanzey v. Moore*, 22 Ill. 63.

*DeLong & Fellows*, for plaintiff:

The order for the goods was, by the statute, absolutely void, and could not be the foundation for any passing of title: *Grimes v. Van Vechten*, 20 Mich. 410.

SHERWOOD, J. This case is trover to recover for a quantity of liquors of the value of $80. This case was tried at the Muskegon circuit, before Judge Russell, without a jury, and the plaintiff recovered a judgment. Defendant brings error.

The plaintiff is a wholesale liquor dealer, residing in Milwaukee. The defendant is a resident of Muskegon. The facts were all agreed upon, and the cause was submitted upon a written stipulation containing them. They are as follows:

On the fifth day of October, 1885, the plaintiff's general agent was in Muskegon, and, at the request of Henry Lueders, an acquaintance of the Milwaukee house, he called upon one John Anderson, who wished to purchase some of the plaintiff's goods. The agent wrote down on his book the goods Anderson wanted, with a statement that they were to

be shipped to John Anderson, Muskegon, and to be charged to Henry Lueders. The agent sent the order, as he had taken it down, to the plaintiff's house, at Milwaukee, which was filled about October 10, 1885, and the goods were shipped by rail from Milwaukee, marked and directed to Anderson as above stated, and the plaintiff sent by mail at the same time a statement to Lueders, charging the goods to him shipped to Anderson.

The stipulation further says:

"That after the goods had arrived at Muskegon, and before they were delivered by the railroad company to John Anderson, the sheriff of Muskegon county levied upon said goods, while they were yet in the possession of the railroad company, and that up to the time of such levy the goods had not been received or accepted by said Anderson, or by any one for him, and never were so received or accepted.

"That such levy was made by the sheriff under an execution issued on a valid judgment rendered by Allen Mosher, a justice of the peace of the city of Muskegon, in a suit in which the said John Williams, the defendant herein, was plaintiff, and the said John Anderson was defendant.

"That said judgment was for the sum of one hundred dollars and upwards.

"That the sheriff proceeded in the manner provided by law, and sold said goods, and that they were bid in by said John Williams, and taken into possession by him; that after the sale the proper demand was made upon the defendant, Williams, for the goods before suit was brought, and also before the sale; and that said goods were of the value of eighty dollars.

"At the time when said order herein set forth was filled, said goods were the property of the said plaintiff herein, and that said order was filled in the usual way; that is, by the agent taking it from said Anderson, and making a memorandum in his order-book, and sending a letter of advice to the said plaintiff to fill said order, which they did do, and shipped the goods by rail to the said John Anderson, at the city of Muskegon.

"No memorandum was made and signed by the party to be charged, and the value of said goods was over fifty dollars."

The circuit judge, upon these facts, found that the plaintiff was entitled to recover the sum of $80.

We have no doubt about the correctness of this finding.

The case is within the statute of frauds. The sale of the goods claimed was for over $50, and not in writing, and none of the goods were delivered. How. Stat. § 6186.

The levy upon and sale of the goods as the property of Anderson were unwarranted, and Williams derived no legal claim thereto by virtue of the sale. They were never delivered to Anderson.[1]

The judgment must be affirmed.

The other Justices concurred.