128    145,
135    ¹682

DIETRICH *v.* HOEFELMEIR.

1. STATUTE OF FRAUDS—ORAL CONTRACT NOT TO BE PERFORMED WITHIN A YEAR.

An oral contract whereby plaintiff delivered certain sheep to defendant, who was to return twice the number at the end of four years, is void under the statute of frauds, as a contract not to be performed within a year.

2. SAME—SEVERABILITY OF CONTRACT—PERFORMANCE—TROVER.

But defendant could not invoke the statute to avoid his obligation under the contract, and at the same time assert title to the sheep delivered by plaintiff, on the theory that the contract was fully performed as to the latter. On the contrary, the contract being void, title to the sheep did not pass to defendant, and plaintiff, after proper demand and refusal, could maintain trover for their value.

Error to Muskegon; Russell, J. Submitted June 6, 1901. Decided July 19, 1901.

Trover by Jacob Dietrich and Leo Dietrich against Benjamin Hoefelmeir. From a judgment for defendant on verdict directed by the court, plaintiffs bring error. Reversed.

*John H. Tatem* (*Myron H. Walker*, of counsel), for appellants.

*Sessions & Sutherland,* for appellee.

MOORE, J. This is an action of trover brought to recover the value of 40 sheep claimed to have been converted by the defendant to his own use on the 6th day of January, 1900. The declaration was in the usual form of declarations in trover. The plea was the general issue, with notice of a contract between the parties by which the defendant took 20 sheep from the plaintiffs, to double in four years from the 6th day of January, 1896, and also

128 MICH.— 10.

a notice of tender. Some time in the month of December, 1895, one of the plaintiffs met the defendant at his place of business in Ravenna, when the defendant wanted to know if the plaintiff had any sheep to sell. Plaintiff Leo Dietrich said he had no sheep to sell, but would let defendant have 20 sheep on shares, to double in four years, provided it was satisfactory to his brother Jacob. Soon after that date, and on the 6th day of January, 1896, the defendant went to the place of the plaintiffs to get the sheep, when it was agreed between the plaintiffs and defendant as follows:

"Plaintiffs agreed to let the defendant have 20 sheep, all ewes, and all with lamb, all good size and good grade; the defendant to take said sheep to double in four years, and return at the end of four years 40 ewe sheep, all to be with lamb, and the same grade or quality of sheep, to be delivered by the defendant to the plaintiffs at his (defendant's) farm."

The sheep delivered were from 2 to 6 years old. Defendant was to return sheep not younger than 2 nor more than 6 years old. A demand was made upon him for the sheep. Upon his refusal to deliver them, this suit was brought.

At the conclusion of the testimony for the plaintiffs, counsel for defendant moved the court "to direct a verdict in favor of the defendant—

"*First*, upon the ground that the contract testified to by the witnesses for the plaintiffs is a verbal contract, and not one to be performed within a year by the defendant, and therefore within the statute of frauds, so called;

"*Second*, upon the ground that the transaction on January 6th and prior thereto between these parties concerning these sheep, as testified to by the plaintiffs' witnesses, was a sale of the sheep, and not a bailment, and that the title passed to the defendant, and the plaintiffs have no title or interest in the specific sheep for which they seek to recover in this action of trover; and,

"*Third* (which is covered in that, perhaps), that an action of trover will not lie. If any action would lie, it would be an action of *assumpsit*."

The trial judge was of the opinion that the contract was within the statute of frauds and was absolutely void, and directed a verdict for the defendant.    The case is brought here by writ of error.

Counsel, in their brief, say:

"The position of defendant may be stated as follows:

"1. The contract on the part of defendant to deliver to plaintiffs 40 sheep at the end of four years was not in writing, and by its terms was not to be performed within one year, and therefore was within the statute of frauds. The contract on the part of plaintiffs to deliver to defendant 20 sheep was to be performed presently, and was fully executed, and therefore was not within the statute of frauds.

"2. The transaction constituted a sale, and not a bailment, of the sheep by plaintiffs to the defendant.

"3. The plaintiffs have mistaken the form of their action.   While they might have recovered upon the appropriate common counts in an action of *assumpsit*, they cannot recover in the present action of trover."

We think this position is not tenable.    Were it not for the statute of frauds, this contract would not be void; and, were it completely executed, it would be taken out of the statute, so that neither party could question its validity.    Browne, Stat. Frauds (5th Ed.), § 116.    The plaintiffs are not invoking the aid of the statute to avoid the contract.    That is done by defendant, who has agreed by parol to do something which he now refuses to do because the contract was not made in writing, after the other parties have performed their agreement.    The defendant cannot separate an agreement, which all the parties regarded as an entire one, into two parts, and say that one of these parts was performed within a year, and therefore makes a complete contract, by which defendant has obtained title to the property, while, as to the other part of the contract, by which defendant was to return twice the number of the sheep which he had received, that as that agreement was not to be performed within a year, and has never in fact been performed, it is void because not in writing, and therefore he will not perform it.    To

allow this contention would be to permit the making of a contract never contemplated by the parties.

Under the provisions of subdivision 1, § 9515, 3 Comp. Laws, the contract the parties undertook to make was void because it could not be performed within a year, and was not in writing. The circuit judge was right in declaring it to be absolutely void. *Scott* v. *Bush*, 26 Mich. 418, 421 (12 Am. Rep. 311); *Kelly* v. *Kelly*, 54 Mich. 30, 48 (19 N. W. 580); *Raub* v. *Smith*, 61 Mich. 543, 547 (28 N. W.. 676, 1 Am. St. Rep. 619); *Wardell* v. *Williams*, 62 Mich. 50, 62 (28 N. W. 796, 4 Am. St. Rep. 814); *Winner* v. *Williams*, 62 Mich. 363, 366 (28 N. W. 904). If this is so, it did not convey the title of the sheep to the defendant, but the title remained with the plaintiffs. After the defendant has got possession of the sheep belonging to plaintiffs by reason of a contract made void by the statute, he cannot invoke the aid of the statute to defeat the title of the plaintiffs, and say the same contract confers upon himself title to the property. The law is not so unfair and unjust as that would be. The title to the sheep, then, remaining in the plaintiffs, and the defendant, without the consent of the plaintiffs, having sold them, and having, upon demand made, refused to return them, the plaintiffs were entitled to maintain this action.

Judgment reversed, and new trial ordered.

The other Justices concurred.