# J. W. AYLOR et al., Appellants, v. ANDY McIN-TURF, Respondent.

## Kansas City Court of Appeals, December 7, 1914.

1. **CONTRACTS: Mining Lease: Statute of Frauds.** By verbal agreement plaintiffs sold to defendant a ten-year mining lease for $5000, which amount was not to be paid until the expiration of a year. Defendant took possession of the ground at once and began mining thereon, but afterwards quit the premises and refused to pay the $5000. Plaintiffs, by their conduct construed the contract to mean that they were not to execute an assignment of the lease until the money was due. As the lease was an interest in land and ran for a term of years, it came within that clause of the Statute of Frauds which requires such contracts to be in writing and signed by the party to be charged therewith. As the money was not to be paid within a year and the terms of the lease were not to be performed within that time, the contract also came within another clause of the statute which forbids suit upon any agreement that is not to be performed within one year from the making thereof.

2. ———: ———: ———: **Part Performance.** The doctrine that part performance will take a case out of the operation of the Statute of Frauds is purely one in equity and has no application to a suit at law.

3. ———: ———: ———: **Full Performance.** The oral contract required· plaintiffs to not only surrender possession to defendant but also to vest him with the unexpired term. This they could do only by an assignment in writing. Mere surrender of possession would not fully execute the contract. However, if putting defendant in possession and executing the written assignment after the contract had been repudiated be deemed a full performance on plaintiffs' part, this would take the contract out of that clause of the statute requiring it to be in writing and signed by the party to be charged therewith; but it would not obviate the objection to the contract created by the other clause of the Statute of Frauds· concerning contracts not to be performed within a year.

4. ———: ———: ———: **Rule as to Full Performace on One Side.** In England and some of the States the rule seems to be that if the intention of the parties be that one of them shall perform within the year, and he does so perform, then the other party cannot claim the benefit of this clause of the

statute even though such other party was not to perform within the year. And for a time this was the rule in Missouri. But the case of Nally v. Reading, 107 Mo. 350, changed this rule in Missouri, and the rule now is that if the agreement for the nonperformance of which an action is brought, was not to be performed within one year, no recovery can be had on it, although that which formed the consideration of the agreement was to have been, and was paid or performed within that period.

5. ———: ———: ———: **Effect of Answer Admitting the Making of Oral Contract.** A defendant does not lose his right to plead and rely upon the Statute of Frauds as a defense because he admits in his answer that he made the oral agreement.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman*, Judge.

AFFIRMED.

*R. M. Sheppard* and *M. T. January* for appellants.

*Scott & Bowker, George V. Farris* and *H. W. Currey* for respondent.

TRIMBLE, J.—This is a suit to recover $5000 as the purchase price for the sale or assignment of a mining lease. The defense interposed the Statute of Frauds and also alleged that the sale was induced by means of fraudulent representations on the part of plaintiffs. At the close of the latter's evidence, the trial court sustained a demurrer and was about to have the jury return a verdict for defendant, when plaintiffs took a nonsuit with leave to move to set the same aside. This motion was afterwards made and overruled, and plaintiffs have appealed.

Defendant was a mine operator engaged in mining certain ground under a lease by which he paid a royalty of fifteen per cent to the owner of the land. Plaintiffs held a written mining lease on land immediately adjoining the land defendant was working. This

lease ran for ten years from January 1, 1912, and provided that plaintiff was to mine the land and pay a royalty of fifteen per cent to the landowner.

Defendant verbally agreed to buy said lease from plaintiffs and pay $5000 therefor. The money was not to be paid until after the expiration of a year, and apparently the lease and the assignment thereof was not to be turned over or executed to defendant until the money was paid. At least no attempt was made to do so until after the year had expired and demand was made for the $5000.

This verbal agreement to buy the plaintiffs' lease was made in February, 1913, and defendant, who had mined on his own lease up to the edge of the land held by plaintiffs, was allowed by them to take possession of their leased land and to mine therein and take ore therefrom, which he did by the extension of cuttings from his own mine.

After the expiration of the year from the time the oral agreement was made, plaintiffs demanded payment of the $5000 and had their lease with their assignment thereof endorsed thereon ready to deliver to defendant whenever he paid the money. Defendant refused to pay for the lease claiming that the ground was not as plaintiffs had represented it to be. (They had prior to the verbal agreement drilled into it to ascertain the richness and body of the ore.) Thereupon plaintiffs brought this suit.

Appellants assume or proceed upon the theory that the suit is one in equity for specific performance. But we see nothing in the petition which makes it anything other than a suit at law to recover the $5000 alleged to be due on the contract.

The lease, which was the subject of the verbal agreement on which the suit is based, was an interest in land and ran for ten years. The contract for the sale of said lease, therefore, came within that provision of the statute which provides that no action shall be

brought "upon any contract for the sale of lands, tene-ments, hereditaments, or an interest in or concerning them, or any lease thereof for a longer time than one year." [Sec. 2783, R. S. 1909.] Hence, said contract had to be in writing and signed by the party to be charged therewith. This is true without regard to when it was to be performed. [Donovan v. Brewing Co., 92 Mo. App. 341, l. c. 344.]

The contract for the purchase of the lease, so far as concerns the payment of the $5000, was not to be performed within one year. Whether plaintiffs were to execute the assignment before that time or not, certain it is that they did not offer to deliver the lease with the assignment until after the expiration of the year. The acceptance by the defendant of a valid assignment of the lease would obligate him to perform the terms of said lease during the years it had to run. For this reason, the contract to buy the lease involved an agreement upon the part of defendant to do things which were not to be performed within a year, but which were to be done within the unexpired term of nearly nine years. The agreement to buy the lease, therefore, came within another clause of the above-mentioned statute which forbids suit "upon any agreement that is not to be performed within one year from the making thereof." Clearly this is true for both of the reasons mentioned above, namely, the payment of the money after the lapse of a year, and the assumption of the duties, contained in the lease necessarily following and involved in an acceptance by defendant of an assignment thereof. "A promise to pay money, as much as a promise to do any other act, after the expiration of a year, is within the statute." [Browne on the Statute of Frauds, sec. 290.]

Plaintiffs concede that the contract in question was within the Statute of Frauds, but assert that it has been taken out of the operation of the statute by reason of the fact that defendant was put into imme-

diate possession of the land and mines and took away a large amount of valuable ore. In other words, they rely upon the equitable doctrine of part performance. This doctrine that part performance will take a case out of the operation of the statute is purely one in equity and has no application in a suit at law. [Johnson v. Reading, 36 Mo. App. 306, l. c. 314.] No amount of part performance will remove the bar of the statute in a suit at law. [29 Am. & Eng. Ency. of Law (2 Ed.), 831; Chenoweth v. Pacific Express Co., 93 Mo. App. 185; Smith v. Davis, 90 Mo. App. 533.] Clearly the defendant has performed nothing so far as paying the money is concerned, and his entering on the land and mining thereon was only a partial performance of the duties and obligations involved in the acceptance of an assignment of the lease. Such partial performance on his part would not avail anything. [Shacklett v. Cummings, 178 Mo. App. 309, 165 S. W. 1145; Chicago Attachment Co. v. Davis Sewing Machine Co., 142 Ill. 171.]

With reference to the question what sort of performance *plaintiffs* have shown in putting defendant into possession, it might be said that their performance is only partial since all they did was to invest defendant with livery of seizin. The statute says no lease for a term of years shall be assigned by parol. [Sec. 2782, R. S. 1909.] The only thing plaintiffs have done is to permit defendant to take possession of and mine the land. But plaintiffs' contract required them not only to surrender possession but also to confer upon defendant the remainder of their leasehold term. This can be done only in writing as required by the statute. Mere surrender of possession would not execute the contract. It is true, plaintiffs afterward complied with section 2782 by endorsing upon the lease a written assignment thereof, but this was not done nor made effective by delivery, or offer of delivery, until after defendant had refused to be bound by the con-

Aylor v. McInturf.

tract. It was made in February, 1912, and plaintiffs' lease was not executed till June 2, 1913, nor the assignment till June 23, 1913. However, if putting defendant in possession and then, after the expiration of more than a year, reducing the assignment to writing was a full performance upon plaintiffs' part, what then? Are such acts full performance, and, if so, does such full performance on their part take the contract out of that provision of the statute allowing no suit to be brought upon contracts not to be performed within one year? We must bear in mind that in this case the contract is within the ban of two clauses of our statute. And it will avail nothing to present a fact which will take the contract out of the operation of the first clause of the statute hereinbefore mentioned unless a way of escape can also be shown from the second clause. Where the only objection to a contract is that it violates the first clause heretofore quoted, full performance upon one side would justify a recovery on the contract. [Johnson v. Reading, 36 Mo. App., supra l. c. 319; 29 Am. & Eng. Ency. of Law (9 Ed.), 832.] But can it do so when the contract is also within the ban of the second clause. In the case at bar, not only was defendant not to perform within a year but plaintiffs have construed the contract to mean that *they* also were not to perform within a year, since they did not procure the lease to themselves until after a year from the making of the contract and did not execute a written assignment till the day they brought suit. So that, if full performance on plaintiffs' part means performance of the assignment and not of the terms of the lease, there was no full performance on their part *within the year*. Now, in 29 Am. & Eng. Ency. of Law (2 Ed.), 835, it is said that while contracts not to be performed within one year may be taken out of the statute through performance by one party thereto, yet such performance *must be within* the year. This seems to be the rule in England

and in many of the states.  Thus in Donellan v. Read, 3 B. & Ad. 899, 110 English Reports 330, it was held that inasmuch as the contract was fully performed on one side *within the year* and that the intention of the parties was that such party should perform within that time, the other party could not claim the benefit of the statute although such other party was not to perform within the year.  In Johnson v. Watson, 1 Ga. 348, the same ruling was made.  In McDonald v. Crosby, 192 Ill. 283, the parties intended that the plaintiff should perform the contract within the year and she did perform within that time, and the court held that as there was nothing remaining for defendant to do but pay plaintiff the money due on the contract, the Statute of Frauds did not apply.  In Curtis v. Sage, 35 Ill. 22, the contract was verbal that if plaintiff would make a certain conveyance, defendant would pay certain debts which were not payable for more than a year after the contract was made.  It was held that the Statute of Frauds did not apply because the contract had been fully executed on plaintiff's part *as soon as made,* and there was nothing left for defendant to do but to pay the money.  In Haugh v. Blythe's Executor, 20 Ind. 24, it was held that as one party performed at the time the contract was made, the other party could not rely on the Statute of Frauds even though he was not to perform within the year; that the statute applies only to cases "where the contract is not to be performed by either party to it within a year."  The same rule is announced in Saum v. Saum, 49 Iowa, 704; Ellicott v. Turner, 4 Md. 476; McClellan v. Sanford, 26 Wis. 595.  Other States hold to the same effect, a list of which may be found in 29 Am. & Eng. Ency. of Law (2 Ed.), 835, Note 2.  This doctrine, however, is repudiated in a number of other States which hold that if the contract is not to be performed by one party within a year, recovery cannot be had against him by the other even though such other party has fully per-

formed and has done so within the year. [29 Am. & Eng. Ency. of Law (2 Ed.), 836; Frary v. Sterling, 99 Mass. 461; Dietrich v. Hoefelmeir, 128 Mich. 145; Broadwell v. Getman, 2 Denio 87; Lockwood v. Barnes, 3 Hill (N. Y.) 128; Pierce v. Paine, 28 Vt. 34.]

In Blanton v. Knox, 3 Mo. 342, our Supreme Court held that as plaintiff's part of the contract was to be performed within the year, and was so performed, the contract was taken out of the statute. In Pitcher v. Wilson, 5 Mo. 46, the plaintiff could not perform his part of the contract within one year nor was defendant to do so. The court says the case is not like Blanton v. Knox because in that case plaintiff fully performed within the year. [Suggett v. Carson, 26 Mo. 221; Self v. Cordell, 45 Mo. 345; Tatum v. Brooker, 51 Mo. 148, hold with Blanton v. Knox.] By these and other cases, Missouri was put in the list of States holding that full performance on one side would entitle that party to recover from the other though such other was not required to perform within the year. Matters stood thus until the case of Johnson v. Reading, 36 Mo. App. 306, was decided by Judge ROMBAUER of the St. Louis Court of Appeals, which was certified to the Supreme Court because it was in conflict with the above mentioned cases. It appears in the Supreme Court reports as Nally Admr. of Tatum v. Reading, 107 Mo. 350, and, in it, Judge ROMBAUER's opinion was fully approved. It may be a little uncertain whether this case was intended to hold that full performance by plaintiff *within the year* would be unavailing, since in that case plaintiff did not fully perform within the year, because he made no written assignment of the lease. He put defendant in possession but did not vest in him the unexpired term. [36 Mo. App. l. c. 316.] He held a lease which had several years to run and verbally agreed to transfer it to defendant. The latter held the land for a year and paid the rent therefor but afterwards abandoned

it and refused to pay further. While the Supreme
Court affirmed and approved Judge ROMBAUER's opin-
ion, yet it did not specifically overrule the cases cited
by Judge ROMBAUER as opposed to his opinion, but held
that the contract not only violated one clause of the
Statute of Frauds but also another clause in that it
was not to be performed, and could not be performed,
within a year, and remarked that "if there are any
authorities in conflict with the views here announced
we overrule them." As said above, plaintiff in this
case did not fully perform within a year, since he did
not vest defendant with the unexpired term, but merely
surrendered .possession. In nearly all of the cases
cited by Judge ROMBAUER as conflicting, except Pitcher
v. Watson, the plaintiffs therein had fully performed
within the year. Especially was this true in the case
of Self v. Cordell.. That case was by a plaintiff who
had purchased and paid for a machine and as a part
of such purchase the defendant verbally agreed not to
erect or superintend the running of another in that
vicinity for a period of four years. The suit was for
damages for the violation of this agreement. The
plaintiff, however, had fully performed his part of
the contract *at once* when he purchased the machine
and the case was, therefore, not like Johnson v. Read-
ing nor Pitcher v. Wilson, but was like Blanton v. Knox
in that plaintiff had performed within the year and
the intention of the contract was that he should do so.
It may be this is the reason the Supreme Court in
Nally v. Reading did not specifically overrule the Self-
Cordell case. But in Reigart v. Coal and Coke Co.,
217 Mo. 142, l. c. 163, it is remarked that Nally v. Read-
ing "overruled so much of the Self-Cordell case which
held that the full performance of the contract would
take the case out of the statute." In the Reigart case
although there was a written contract, yet as it did
not contain any consideration, but oral proof had to
be depended upon to show what plaintiff had done as

consideration upon his part, it was the same as if the whole contract was oral, since it could not be pieced out with oral testimony. In that case plaintiff had orally agreed to go out and create a market for coal which defendant agreed to furnish for a number of years. It is not clear whether plaintiff had fully performed his part of the contract within the year or not by finding a market, but presumably he had, since the court says the exact question which was decided by the Supreme Court in Self v. Cordell was overruled by Nally v. Reading. We take it, therefore, that the Supreme Court in Riegart v. Coal and Coke Co. construed Nally v. Reading as definitely·changing the rule theretofore existing in Missouri that full performance by one party within the year would take a contract, not to be performed by the other party, out of the particular clauses of the statute now under consideration. It would seem from the authorities cited in Nally v. Reading that the Supreme Court did intend therein to announce the other rule, although in that case the fact was that plaintiff did not fully perform. It cites Pierce v. Paine's Estate, 28 Vt. 34, which held that "if the agreement for the nonperformance of which an action is brought, was not to be performed within one year, no recovery can be had upon it, although that which formed the consideration of" the agreement was to have been, and was paid or performed within that period." It also cites Browne on the Statute of Frauds, sec. 290, which severely criticises the rule that "if all that is to be performed on one side is to be performed within a year from the making of the contract, the statute does not apply to it." [Secs. 286-290.]

So that, even though plaintiffs in the case at bar *could* have fully performed their part within the year by executing a written assignment of their lease, this will not change the situation; nor would it have been different if plaintiffs, in fact, had done so within the

year. Plaintiffs, however, not only did not fully perform within a year, but also, by not executing the assignment until after the money was due, evidently construed the verbal contract to mean that *they* were not required to execute the assignment until after the year had elapsed and the money was due. But, even if they had fully performed within the year, as the defendant was not to pay the money until after that time had elapsed and was not to perform the terms of the lease for a number of years, then under the later and doubtless better rule adopted by our courts, this would not take the contract out of that provision of the Statute of Frauds which forbids suit on an oral contract which is not to be performed within a year. At least it would not take it out of that clause of the statute when the suit is against the party who is not required to perform within the year. [Sheehy v. Adarens, 41 Vt. 541.] In that case it was held that "whether the statute applies or not depends on the question whether the suit is brought against the party that was to perform his part of the contract within a year. If it is so brought, then the statute would not apply, but if brought against the party whose agreement was not to be performed within a year, then the statute would apply."

The fact that defendant took ore from the premises while in possession of the ground does not change the situation. Although we hold that plaintiffs cannot sue upon the contract, we do not say they cannot recover in another action for the use and occupation and for the value of the ore he has taken. It is held that in such cases they can do so. [29 Am. & Eng. Ency. of Law (2 Ed.), 841, 842, 843; Chicago Attachment Co. v. Davis Sewing Machine Co., 142 Ill. 171.]

Defendant did not lose his right to plead the Statute of Frauds by admitting in his answer that he made the oral agreement to purchase a lease for ten years. [Luckett v. Williamson, 37 Mo. 388.]

In view of the foregoing, we are of the opinion that plaintiffs were not entitled to recover on the contract and accordingly the judgment is affirmed. All concur.