Albert BURGESS and Evelyn
Burgess, Respondents,

v.

Bertha Jane WRIGHT and Harry
Cozart, Appellants.

No. 39472.

Missouri Court of Appeals,
St. Louis District,
Division One.

May 2, 1978.

William E. Alberty, Edina, for respondents.

Dennis W. Smith, Canton, for appellants.

CLEMENS, Presiding Judge.

Plaintiffs, husband and wife, sought and were granted a decree of specific performance based on defendants' oral contract to convey real estate. Defendants appeal.

The record owners were defendants Harvey Wright[1] and his estranged wife, Bertha, as tenants by the entirety in one-half interest, and Harry Cozart, Bertha's brother, in one-half interest.

On August 6, 1975 Harvey Wright alone entered into a lease and option agreement with plaintiffs with respect to the farm, Wright falsely executing the contract as a single person and sole owner of the unencumbered property. When plaintiffs learned the farm was mortgaged, they contacted Harvey Wright, who agreed to give them credit against the purchase price for mortgage payments to be made by plaintiffs. Plaintiffs made rental payments to Harvey Wright through March, 1976 and mortgage payments to the bank through April, 1976. Plaintiffs paid the delinquent real estate taxes for 1975; they installed fencing, a gate and paved a roadway. Subsequently, defendant-appellants informed plaintiffs of their ownership and expressed a willingness to sell.

Several meetings occurred in March of 1976 between plaintiffs and defendants, which Harvey Wright did not attend, culminating in the parties having an attorney draw up a contract and warranty deed to the farm. The papers were never signed, however, and in April, 1976, defendants refused to complete the sale.

Trial was had without a jury. At its conclusion, the court issued findings of fact, concluding that in matters of dispute, plaintiffs' testimony would be accepted. The court found Harvey Wright and plaintiffs had entered into a lease and option agreement which was later amended orally to credit the mortgage payments against the purchase price of $8,000. The trial court found that at the time of contracting, Harvey Wright had deliberately misrepresented the extent of his ownership. The court further found defendants had entered into a specific oral contract to sell the farm to plaintiffs for $8,000, with credit for the mortgage payments plaintiffs had made. Finally, the trial court found sufficient part performance by plaintiffs to remove the contract from the statute of frauds. Specific performance was ordered and title decreed to be in plaintiffs.

On appeal defendants contend the trial court erred in decreeing specific performance because (1) no oral contract was proved; (2) there was no agreement between Harvey Wright and his co-tenant by the entirety, Bertha Wright, to convey the farm; nor was there (3) adequate part performance to remove the oral contract from the statute of frauds.

In reviewing a bench-tried case, we must sustain the judgment of the trial court if there is substantial evidence to support it and if it has properly declared and applied the law. *Murphy v. Carron*, 536 S.W.2d 30[1] (Mo.1976). We give due

---

1. Defendant Harvey Wright defaulted and has not appealed.

regard to the trial court's opportunity to have judged the credibility of the witnesses. Sup.Ct. Rule 73.01(3)(b), VAMR.

An exception to the statute of frauds is invoked where to apply the bar is to work a fraud. As declared in *Walker v. Bohannan*, 243 Mo. 119, 147 S.W. 1024[1] (1912) the circumstances under which a court will enforce an oral contract are: (1) The contract must be definite; (2) it must be proven as pleaded; (3) it cannot be established by conversations either too ancient or too loose or casual; (4) it must be fair, not unconscionable; (5) the proof of the contract as pleaded must leave no reasonable doubt the contract was in fact made, and that full performance, so far as lies in the hands of the parties to perform, has been had; (6) the performance must be referable solely to the contract sought to be enforced; (7) the contract must be based upon adequate consideration so that in good conscience its performance is demanded; (8) proof of mere disposition to convey by deed is not sufficient, and there must be shown a real contract to convey by deed made before the acts of performance relied upon were had.

Defendants first contend no oral contract was proved. We disagree. The initial lease and option agreement was in evidence. Plaintiff Albert Burgess testified he and Harvey Wright orally amended the agreement to account for plaintiffs' assumption of the mortgage. Harvey Wright's deposition corroborated this. Burgess also testified defendants contacted him shortly thereafter and agreed to the sale after examining the lease and option agreement. Burgess further testified there were two later meetings between the parties, at which the sale terms were agreed upon. Attorney Holliday testified the parties met in his office in March of 1976 and discussed those terms and he drafted a contract accordingly, setting the purchase price at $8,000 with credit given for the mortgage payments. Mr. Holliday stated that while there was some conjecture at the meeting as to whether Harvey Wright would sign the contract, Mr. Wright contacted him later and agreed to the sale. Bertha Wright testified that no purchase price was discussed and no agreement was reached during the meeting at Mr. Holliday's office.

We have reviewed the record and defer to the trial court's findings. There was substantial evidence to support its finding that an oral contract to convey the farm was made. The only evidence to the contrary, offered by defendants, lacked credibility. A contract may be established by a combination of documents not themselves meeting the statute of frauds and of oral testimony. *Alonzo v. Laubert*, 418 S.W.2d 94[10] (Mo.1967). We find the alleged contract was in fact made.

Defendants next contend the trial court erred because the evidence fails to establish an agreement between Harvey and Bertha Wright, as co-tenants by the entirety, to sell their share of the farm. They argue that Harvey Wright and Bertha Wright each entered into a separate and distinct contract of sale. They contend the contract is invalid because entered into by only one of the two tenants by the entirety.

It is true an estate by the entirety cannot be conveyed by one spouse alone. *Kaufmann v. Krahling*, 519 S.W.2d 29[2] (Mo.App.1975). However, the agency of one spouse for the other may be shown by direct evidence or by such circumstances as will warrant an inference that one was empowered to act for the other. *Austin and Bass Builders, Inc. v. Lewis*, 350 S.W.2d 133[3–5] (Mo.App.1961), reversed on other grounds, 359 S.W.2d 711 (Mo.1962).

Here, the evidence shows a single contract entered into by Harvey Wright, and ratified by Bertha Wright, his co-tenants; she knew of the lease and option agreement in both its original and amended form; she wrote plaintiffs to inquire about the rent being paid under the agreement. Furthermore, Mrs. Wright entered into an oral contract at her meetings with plaintiffs. The terms of the oral contract entered into by Bertha Wright were identical with those of the amended lease and option agreement entered into by Harvey Wright.

The oral contract ratified the lease and option agreement.

Defendants finally contend the trial court erred in ordering specific performance because there was no evidence of plaintiffs' part performance of the oral contract sufficient to avoid the statute of frauds. They contend any acts of part performance were referable to the lease and option contract and not the oral contract of sale.

 Where partial performance is relied on to take a contract out of the statute of frauds, the acts relied on must be exclusively referable to the contract and not pursuant to some other relationship. *Alonzo v. Laubert,* 418 S.W.2d 94[10] (Mo.1967). Defendants' argument rests on the assumption the lease and option agreement is separate and distinct from the later oral contract. Our discussion of defendants' second point relied on refutes this argument. The evidence shows a single contract was entered into on August 6, 1975 by Harvey Wright and ratified in March of 1976 by Bertha Wright and her brother Harry Co-

zart. Subsequently, plaintiffs substantially improved the property. They made defendants' mortgage payments and paid the 1975 real estate taxes. These acts were clearly referable to the lease and option contract and to no other relationship between the parties. The possession of land, accompanied by erection of improvements, may suffice to take a contract out of the statute of frauds. *Anderson v. Abernathy,* 339 S.W.2d 817[3] (Mo.1960).

Applying the standards set forth in *Murphy v. Carron,* 536 S.W.2d 30 (Mo.1976), we hold the trial court did not err.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.