Robert WHALING and Grace Whaling, Husband and Wife, Plaintiffs-Appellants,

v.

LITTLE PINEY OIL COMPANY, a Missouri Corporation, James A. Hatchett and Sandra H. Hatchett, and Mid-America Petroleum, Inc., a Missouri Corporation, Defendants-Respondents.

No. 12083.

Missouri Court of Appeals, Southern District, Division One.

Oct. 15, 1981.

Arthur B. Cohn, Waynesville, Ronald J. Fuller, Rolla, for plaintiffs-appellants.

W. H. Thomas, Jr., Routh, Thomas & Birdsong, Rolla, Jerome W. Seigfreid, Louis J. Leonatti, Seigfreid, Runge, Leonatti & Pohlmeyer, Mexico, for defendants-respondents.

FLANIGAN, Judge.

This is an action for damages for breach of an oral agreement, allegedly made by defendants in 1975, to execute a written lease for a term of eight years commencing August 1, 1975. Plaintiffs, as lessees, entered into possession of premises, owned by the defendants,[1] and operated a service station there for approximately two and one-half years until plaintiffs were "evicted" by defendants in January 1978. The trial court sustained defendant's motion for summary judgment and the propriety of this ruling is attacked by the appealing plaintiffs.

Defendants' motion for summary judgment stated: "The alleged promise, set out in the petition, is one which was not to be performed within one year from the making thereof; and said alleged agreement was not in writing, nor was any memorandum or note thereof made in writing or subscribed by defendants or by any persons by them authorized thereto. Therefore, plaintiffs' claim is barred by the Statutes of Fraud." The statutes cited in the motion were Secs. 432.010, 432.050 and 441.060.[2] Material portions of the statutes are set forth below.[3] Attached to the motion was the affidavit of defendant James Hatchett stating: "The alleged agreement and promise to execute a written lease was oral and not in writing."

Plaintiff Robert Whaling filed a counter-affidavit stating: "There was an oral agreement with [defendants] and in accordance with said agreement [defendants] prepared, or caused to be prepared, a written lease agreement for the premises described in the petition. A copy of said agreement is attached hereto and made a part of this affidavit by reference thereto." Attached to the Whaling affidavit was an unsigned written lease.

---

1. Two of the defendants are James and Sandra Hatchett, husband and wife, who were officers and sole shareholders in defendant Little Piney Oil Company, a Missouri corporation, which, according to the petition, was dissolved prior to the institution of the action. The fourth defendant is Mid-America Petroleum, Inc., which bought the premises "sometime between July and December 1977." Count I of the petition, an action for damages for breach of the oral agreement, was brought against the Hatchetts and the dissolved corporation. Count II of the petition, an action for damages for alleged conspiracy, was brought against all four defendants. The briefs of the parties make no distinction between the respective liabilities (or suability) of the defendants, nor do they make any distinction between the two counts. Accordingly this court refrains from examining the validity or significance, if any, of such distinctions.

2. Unless otherwise indicated all references to statutes are to RSMo 1978, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

3. Section 432.010—"*Statute of frauds—Contracts to be in writing.*—No action shall be brought ... upon any contract made for the sale of lands, tenements, hereditaments, or an interest in or concerning them, or any lease thereof, for a longer time than one year, or upon any agreement that is not to be performed within one year from the making thereof, unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, ..."

Section 432.050—"*Leases, not in writing, operate as estates at will.*—All leases, ... of ... lands, ... made or created ... by parol, and not put in writing and signed by the parties so making or creating the same, or their agents lawfully authorized by writing, shall have the force and effect of leases or estates at will only, and shall not, either in law or equity, be deemed or taken to have any other or greater force."

Section 441.060—"*Tenancy at will, sufferance, month to month, how terminated.*—1. A tenancy at will or by sufferance, or for less than one year, may be terminated by the person entitled to the possession by giving one month's notice, in writing, to the person in possession, requiring him to remove....

2. All contracts or agreements for the leasing, renting or occupation of stores, shops ... or other buildings in cities ... not made in writing, signed by the parties thereto, or their agents, shall be held and taken to be tenancies from month to month, and all such tenancies may be terminated by ... giving to the other party ... one month's notice...."

Under Rule 74.04(c) defendants were entitled to a summary judgment "if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law."

In their sole "point relied on" plaintiffs claim that there was no showing "that there was no genuine issue as to any material fact" and, further, "that plaintiffs should have had an opportunity to present evidence to avoid the affirmative defense of the statute of frauds." The point does not specify what "material fact" exists concerning which there is a "genuine issue." The point does not state what "evidence" plaintiffs would present if they were afforded the opportunity.

The petition alleged that in July 1975 defendants owned land in the city of Rolla on which Bill Rosenberg was operating a service station; that on August 1, 1975, plaintiffs purchased "the Rosenberg inventory" and defendants "approved the sale"; that the defendants promised to execute a written lease for a term of eight years beginning August 1, 1975, at a certain rental; that pursuant to the "promised lease agreement" plaintiffs purchased the Rosenberg inventory and expended large sums of money to purchase other inventory and equipment; that defendants evicted plaintiffs in January 1978;[4] that by reason of the defendants' breach of their agreement to give plaintiffs an eight-year lease, plaintiffs suffered "a loss of earnings and profits and moving and liquidating expenses."

Defendants' answer pleaded that the alleged agreement was not in writing and was violative of the statutes of frauds cited in footnote 3. Plaintiffs' reply was a general denial of the answer.

It will be observed that the reply contained no allegation of matters which would constitute an affirmative avoidance of the defense of the statute of frauds. The Whaling affidavit merely stated that a written lease was prepared but made no claim that it was signed by defendants.

Plaintiffs argue that the affidavit of defendant James Hatchett, attached to the motion for summary judgment, "actually admits there was an oral promise to execute a written lease." Even if the affidavit is subject to that construction, it is of no aid to plaintiffs. Such an admission does not impair defendants' affirmative defense of the statute of frauds, which was pleaded in the answer, if it is otherwise available to them. "The party against whom the contract is sought to be enforced may admit the oral contract and still interpose the defense of the Statute of Frauds. *Jones v. Linder*, 247 S.W.2d 817, 820 (Mo.1952)." *Shaffer v. Hines*, 573 S.W.2d 420, 422 (Mo. App.1978). See also *Jones v. Jones*, 333 Mo. 478, 63 S.W.2d 146, 151[8] (1933); *Aylor v. McInturf*, 184 Mo.App. 691, 171 S.W. 606, 610 (1914); 73 Am.Jur.2d Statute of Frauds Sec. 609, p. 249.

■ It is also true that an oral lease for years and an oral agreement to make a lease for a period of years are both within the statute of frauds. *Newkirk v. Moley*, 343 S.W.2d 213, 216[2] (Mo.App.1960); *State ex rel. Uthoff v. Russell*, 210 S.W.2d 1017, 1021 (Mo.App.1948); *Yacobian v. J. D. Carson Co.*, 205 S.W.2d 921, 923 (Mo.App. 1947). "In other words, a parol agreement invalid under the statute is not aided by a further parol agreement to reduce the principal agreement to writing." *Yacobian*, at p. 924.

Plaintiffs argue that the trial court should have permitted them to amend the petition so as to plead *full* performance. Plaintiffs cite *Trimmer v. Short*, 492 S.W.2d 179, 183 (Mo.App.1973), for the proposition that the statute of frauds "has no application where there has been a full and complete performance of the contract by one of the contracting parties, and the party so performing may sue on the contract in a court of law; . . ." It is obvious, however,

4. Although the petition does not specifically allege that plaintiffs went into possession on a certain date it is a reasonable inference from its other allegations that plaintiffs were in possession from August 1975 until January 1978.

that an eight-year lease could not be fully performed by plaintiffs in two and one-half years, the period for which, according to the petition, plaintiffs were in possession.

 Plaintiffs' brief makes some allusion to the doctrine of "part performance" and argues that "part performance by one of the contracting parties may take the agreement out of the statute of frauds." The difficulty with this argument is that the doctrine of part performance, interposed to avoid the defense of the statute of frauds, is a creature of equity[5] and has no application to an action at law for breach of contract. *Alonzo v. Laubert*, 418 S.W.2d 94, 97 (Mo.1967); *Pemberton v. Ladue Realty & Const. Co.*, 362 Mo. 768, 244 S.W.2d 62, 64[2] (1951); *Shy v. Lewis*, 321 Mo. 688, 12 S.W.2d 719, 720 (1928); *Nally v. Reading*, 107 Mo. 350, 17 S.W. 978, 979 (1891); *Newkirk v. Moley*, 343 S.W.2d 213, 217 (Mo.App. 1960); *Waller v. Tootle-Campbell Dry Goods Co.*, 59 S.W.2d 751, 754 (Mo.App. 1933); *Dimick v. Snyder*, 34 S.W.2d 1004, 1007 (Mo.App.1931); *Diamon v. Wells*, 226 S.W. 1016, 1018 (Mo.App.1920); *Hillis v. Rhodes*, 205 Mo.App. 439, 223 S.W. 972, 974 (1920); *Aylor et al. v. McInturf*, 184 Mo. App. 691, 171 S.W. 606, 608 (1914); *Sursa v. Cash*, 171 Mo.App. 396, 156 S.W. 779, 781 (1913). This is the majority rule even in jurisdictions which recognize the procedural merger of law and equity. *Trollope v. Koerner*, 106 Ariz. 10, 470 P.2d 91, 98[15] (1970); 73 Am.Jur.2d Stat. of Frauds Sec. 404, p. 30. See also *Molasky v. Lapin*, 396 S.W.2d 761, 765[3] (Mo.App.1965).

Plaintiffs make no claim that the allegations of the petition are sufficient to state a cause of action on the theories of quantum meruit or unjust enrichment nor do they claim that those allegations are sufficient to estop defendants from relying upon the defense of the statute of frauds. The counter-affidavit of plaintiff Whaling contains no facts which would lend support to any such claim or claims.

Neither in the trial court nor in this court have plaintiffs set forth any facts, not heretofore pleaded, which could be added to the petition or presented by counter-affidavit and which would alter the result reached below.

The judgment is affirmed.

GREENE, P. J., and TITUS, J., concur.

---

5. For a listing and discussion of the elements necessary to invoke the doctrine of part performance to avoid the defense of the statute of frauds in an equity action for specific performance, see *Pointer v. Ward*, 429 S.W.2d 269, 273 (Mo.1968); *Burgess v. Wright*, 565 S.W.2d 854, 857 (Mo.App.1978); and *Rosenberg v. Gas Service Company*, 363 S.W.2d 20, 28 (Mo.App. 1962).