Jerry HAUGLAND and Susan Haugland, husband and wife, Appellants,

v.

Glenda L. PARSONS and Glenda L. Parsons, as Personal Representative of the Estate of Delmar L. Parsons, Deceased, Respondents.

No. 62023.

Missouri Court of Appeals, Eastern District, Southern Division.

Oct. 13, 1992.

Donald Rhodes, Bloomfield, for appellants.

Thomas L. Orris, Thomas P. Dvorak, St. Louis, for respondents.

CRIST, Judge.

Appellants Jerry and Susan Haugland (Purchasers) appeal from the circuit court's grant of summary judgment against them. Purchasers alleged breach of contract, emotional distress, and unjust enrichment in connection with an alleged real estate contract between Purchasers and Respondent Glenda Parsons (Landowner) and her now deceased husband (Husband). We affirm summary judgment on the breach of contract and emotional distress counts and reverse on the unjust enrichment count.

"In reviewing entry of summary judgment, we must view the record in the light most favorable to the party against whom summary judgment was granted, determine if any genuine issue of material fact exists which would require trial and determine if

the judgment is correct as a matter of law." *Meyer v. Enoch,* 807 S.W.2d 156, 158 (Mo. App.1991); Rule 74.04(c).

The facts, viewed in the light most favorable to Purchasers, are as follows. On April 27, 1988, Purchasers entered into an oral agreement with Landowner and Husband to purchase their lot for $35,500. The lot adjoins two others owned by Landowner and Husband who resided on one of these adjoining lots. Purchasers wrote Landowner and Husband a check for $3,500 on which was noted "deposit on lot."

From May to August, Purchasers took several steps in anticipation of closing the deal; they mowed the lawn and cleared some underbrush on the lot, had the parcel surveyed, had title work done, purchased blue prints, employed an architect and an interior designer, and secured an appraisal. Landowner had notice of these activities.

Landowner and Husband did not close. As a result, Purchasers suffered losses. These losses included the expense of moving several times, losing personal property in the moves, treatment for stress, lost wages to supervise construction, and the loss of their favorable loan commitment.

In September, 1990, Husband died. In December, 1990, Purchasers sued Landowner, individually and as Personal Representative for Husband's estate. Purchasers' petition contained three counts: breach of contract, emotional distress, and unjust enrichment. Landowner counterclaimed for trespass. Subsequently, the court granted summary judgment against Purchasers. Purchasers appealed. That appeal was dismissed and the case remanded. On remand, Landowner dismissed her counterclaim. Purchasers appeal from the final judgment.

Missouri's statute of frauds, § 432.010, RSMo (1986) states: "No action shall be brought ... upon any contract made for the sale of lands ... unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith...."

■ Purchasers, responding to requests for admissions, admitted that they had not entered into a written contract with Landowner and Husband for the sale of the lot and that the alleged contract was entirely oral. Thus, the alleged contract is unenforceable because it violated the statute of frauds.

■ Purchasers assert their claim is not barred because they partly performed the contract. However, the doctrine of part performance is inapplicable in this case. "[T]he doctrine of part performance, interposed to avoid the defense of the statute of frauds, is a creature of equity and has no application to an action at law for breach of contract." *Whaling v. Little Piney Oil Co.,* 623 S.W.2d 589, 592 (Mo.App.1981), *citing Alonzo v. Laubert,* 418 S.W.2d 94, 97 (Mo.1967). Purchasers seek only damages in their breach of contract count. The doctrine is, therefore, inapplicable to their legal claim.

Purchasers cite two cases to support part performance should apply to an action at law. In *Jones v. Linder,* 247 S.W.2d 817 (Mo. 1952), our Supreme Court stated that a party who satisfies the requirements of the doctrine of part performance may be "entitled to specific performance of the oral agreement, or to damages for the breach thereof in instances where specific performance is not possible in whole or in part." *Id.* at 820. However, the Supreme Court's later holding in *Alonzo,* 418 S.W.2d at 97, as cited in *Whaling,* 623 S.W.2d at 97, contradicts this language, and we have found no Missouri cases which apply part performance to a legal claim.

Purchasers also cite *Tuckwiller v. Tuckwiller,* 413 S.W.2d 274 (Mo.1967). *Tuckwiller* involved a written contract where services were performed in exchange for real estate; the defendants contended that equitable principles entitled the plaintiff to the value of her services, but not enforcement of the contract. Any statements involving monetary awards under the part performance doctrine in that case are dicta. We find *Alonzo* controlling. The trial court did not err in entering summary judgment against Purchasers on their breach of contract claim.

■ We turn to Purchasers' emotional distress claim. Purchasers' claim is based on

Landowner and Husband's alleged breach of contract. A mere failure to perform a contract cannot serve as the basis of tort liability unless the breach is also an independent tort. *See, State ex rel. William Ranni Associates, Inc. v. Hartenbach,* 742 S.W.2d 134, 140 (Mo. 1987). Landowner and Husband's failure to sell their land to Purchasers is based on contractual duty, only, and is not an independent tort. Thus, the trial court did not err in entering summary judgment against Purchasers on this count.

We turn to Purchasers' unjust enrichment claim. Purchasers allege the trial court erred in entering summary judgment because Landowner was unjustly enriched by the $3,500 lot deposit. Plaintiffs allegations constitute a claim for money had and received. "An action for money had and received lies where a defendant has received or obtained money or its equivalent from or for the plaintiff under circumstances that in equity and in good conscience call for him to pay it to plaintiff." *Ryan v. Tinker,* 744 S.W.2d 502, 504 (Mo.App.1988).

Landowner admitted receiving and retaining the deposit. Whether Purchasers received any consideration for their money is an issue of material fact. *Id.* at 505. Landowner was not entitled to judgment as a matter of law. Thus, the trial court erred by entering summary judgment on this claim.

We affirm summary judgment on Purchasers' breach of contract claim and emotional distress claim; we reverse summary judgment on Purchasers' claim for money had and received.

KAROHL, C.J., and AHRENS, J., concur.